No. 2075

Second Circuit Appeal

---

JAMES C. BROWN v. JAMES ANDREWS, ET AL.

---

(January 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Surveyors and Surveys—Par. 10.**

Where in an action of boundary an agreement between the plaintiff's authors of title and the defendant's authors of title is proven, in the absence of proof to the contrary it must be presumed to have been fixed according to this agreement, if fixed at all.

2. **Louisiana Digest—Surveyors and Surveys—Par. 16.**

Where in an action of boundary the evidence does not show an actual fixing of boundary by judgment of court, agreement of parties or even by survey ex parte or otherwise, the proof is not sufficient to establish a claim that any line now shown on the ground has been recognized so as to render unnecessary a judicial fixing.

3. **Louisiana Digest—Surveyors and Surveys—Par. 17.**

Under Civil Code Article 825 an action of boundary pure and simple is not open to a plea of prescription. The action may be repelled by showing that the boundary line between the two properties has been settled by judicial decree or by a survey made by a surveyor in conformity with the requirements of the Civil Code.

4. **Louisiana Digest—Surveyors and Surveys—Par. 11, 24.**

In this action of boundary there is not sufficient proof to show acquiescence in the ditch or the line of oak trees or the Brown fence as a boundary.

5. **Louisiana Digest—Surveyors and Surveys—Par. 22.**

Where the plaintiff in a boundary suit fails to show that the defendants have

the land of which he is short there must be judgment for the defendants: but plaintiff has the right to have the boundary fixed according to law.

6. **Louisiana Digest—Surveyors and Surveys—Par. 18.**

In an action of boundary in the absence of sufficient proof to show who gave a lane it is fair to presume that each of the adjoining proprietors gave half.

7. **Louisiana Digest—Surveyors and Surveys—Par. 3, 18.**

In an action of boundary no good reason being shown to suppose an offset from a point back but on the contrary the agreement between the authors of the respective litigants stipulating for a straight line all the way, the line beyond the lane should be an extension of the center line thereof.

Appeal from the Thirteenth District court, Parish of Rapides, Hon. John A. Williams, Judge.

This is a suit to fix the boundary between two adjoining estates.

The defendants filed an exception of no cause of action which was overruled. Then the defendants' answered setting up the defense that no necessity existed for a judicial fixing and subsequently they filed pleas of prescription and estoppel.

There was judgment fixing the boundary line overruling the plea of prescription and of estoppel, each side to pay half of the cost.

Defendant appealed, judgment affirmed, the cost of appeal to be paid by the appellant.

Hawthorne & Stafford, of Alexandria, attorneys for plaintiff, appellee.

T. F. Hunter, of Alexandria, attorney for defendant, appellant.

CARVER, J. The plaintiff alleges that he and defendants own adjoining plantations fronting on Bayou Rapides; that as far back as defendants' clearing extends there is a lane, the center of which has been for more than fifty years, the recognized boundary, but that if the boundary beyond the end of the lane has ever been fixed the marks have been effaced; that he has less land than his title calls for and the defendants more than theirs call for; and that a boundary should be established beyond the end of the land running from there eastward along the defendants' back fence such a distance as that a line then run from there North to the back line of the properties will give him his full quantity.

He prays that the line so indicated be ordered run and established and further prays for general relief.

Defendants filed an exception of no cause of action, which we think was properly overruled. We agree with their counsel that the petition showed no legal reason for fixing the boundary where the plaintiff asked. The mere fact that he had too little land and the defendants too much did not entitle him to make up his deficiency out of their surplus. But his allegations that the boundary, if ever established, had been effaced, entitled him under his prayer for general relief to judgment fixing it wherever the proof might show that it should be fixed. To this extent he did show a cause of action—the right to fix a boundary never fixed or re-establish one fixed but effaced is absolute.

C. C. 832 provided:

"When two estates or lands contiguous, in cities or in the country, have never been separated, or have never had their boundaries determined, or if the bounds, which have been formerly fixed, are no longer to be seen, each of the owners of the contiguous estates has a right to compel the other to fix the limits of their respective properties."

The claim of defendants that no necessity existed for a judicial fixing because a recognized boundary not effaced remained on the ground was, if true, available as a defense to the merits but not as an exception of no cause of action.

The defendants answered setting up the defense just mentioned and subsequently they filed pleas of prescription and estoppel.

The District Judge after trial fixed the center of the lane and an extension thereof to the back line as a true boundary line, virtually overruling the plea of prescription and estoppel. He apportioned the cost half to each side.

Defendants appealed and by an answer to the appeal plaintiff asked that the judgment be amended so as to give him the relief originally asked for.

James Andrews, one of the defendants having died pending the suit, the heirs have been made parties.

Both sides virtually claim that the line was once fixed—defendants that it was fixed the entire distance and plaintiff that it was fixed to the end of the lane and perhaps beyond. The main dispute is as to where it was fixed.

### (1)

We think it clear under the evidence, that the boundary beyond the end of the lane where plaintiff claimed in his petition it should be or the Farley Road which he testified he "understood" it should be. From the front to the end of the lane it must be under the pleadings of both sides, either the center of the lane as claimed by plaintiff or the Brown fence on the West side of the lane as claimed by the defendants. Beyond the end of the lane it must be an extension of whichever of these lines is correct—one because in the petition made in 1868 between the heirs of I. F. Brent (plaintiffs' authors) and James R. Andrews and his children (defendants' authors) it was agreed that a straight line from the rear to front should be the division line. In the absence of proof to the contrary it must be presumed to have been fixed according to this agreement, if fixed at all.

### (2)

We do not think the proof sufficient to establish defendants claim that any line now shown on the ground has been so recognized as to render unnecessary a judicial fixing; no proof at all is introduced by either side to show an actual fixing by judgment of court, agreement of parties or even by survey exparte or otherwise. The evidence consists solely of the understanding of the witnesses based on statements of former owners of the respective properties. And such statements seem not to have been to the effect that any line had been fixed in any binding way, but merely that such a line had been recognized or claimed.

Brown and Crinkshank say they understood the line was the center of the lane for the front part and the Farley road (some distance east of an extension of that line) for the back part. Tom Taylor said the Brown fence was considered the line as far as it went and a ditch the line beyond that. Tom Andrews says the Brown fence and then a line of oak trees along the ditch.

This ditch extends into plaintiff's field and is only about 2½ to 8 feet from the Brown fence.

It is not disputed that Brown's predecessors in title dug the ditch and Brown claims that it was dug to drain the Brown land.

### (3)

We do think defendants' plea of prescription good. In our opinon the case of Williams vs. Bernestein, 51 La. Ann. 115, is decisive of this question.

The syllabus reads:

"(An action of boundary, pure and simple is not open to a plea of prescription (C. C. 825). The action may be repelled by showing that the boundary line between the two properties has been settled by judicial decree or by a survey made by a surveyor in conformity with the requirements of the Civil Code.

"A line, however, even when established between the parties by such a survey yelds to a demand for the ratification of the same under an allegation of error unless the party resisting the ratification should allege and show an adverse possession of ten years under the erroneous line."

We do not think this suit one for ratification of one erroneously fixed but one for re-establishment of a boundary effaced.

#### (4)

Neither do we think defendants' plea of estoppel good. It is based on the claim that "the plaintiff herein admits in his pleadings and has shown in the testimony that the parties herein have been in possession and have abided by the line or has been acquiesed in by both parties for more than forty years".

If this plea is meant merely as an estoppel against plaintiff's claim of the Farley road as a boundary it is not necessary to consider it because for other reasons we decide against that claim.

We think the proof falls short of showing acquiescence in the ditch or the line of oak trees or the Brown fence as a boundary.

#### (5)

Plaintiff's claim to recover for his alleged shortage must fail for several reasons. If he is short it may be because some of his other three neighbors has some of his land. He does not show that defendants have it. Besides his suit is pitched on a theory that a boundary was established but having become effaced must be re-established. He does not claim the boundary so established was erroneous and ask ratification. If he had the plea of ten years' prescription would be good against such a demand.

#### (6)

The above questions being determined it remains only to decide which is the correct line between (1) Brown's fence and then the ditch or row of trees as claimed by defendants or (2) the center of the lane and then an extension thereof as decided by the lower court and alternatively claimed by plaintiff.

It is not claimed by defendants that the ditch inside of Brown's field is the proper line and no sufficient reason is suggested why it should be regarded as the line beyond that. In fact the defendants' witnesses testified that the row of trees and not the ditch was the line according to their understanding. Nor is there sufficien proof that the Brown fence is the correct line. It was so understood by defendants' witnesses, but not by those of plaintiff.

In the absence of sufficient proof to show who gave a lane it is fair to presume that each of the adjoining proprietors gave half.

Considering therefore that the proof is not sufficient to show that Andrews gave all the lane (such proof being merely the declaration of defendants' predecessor in title) we think the District Judge was correct in adopting the center of the lane as the boundary as far back as it extends.

No good reason being shown to suppose an offset from that point back but on the contrary the agreement between the authors of the respective litigants stipulating for a straight line all the way, we think the District Judge also correct in deciding that the line beyond the lane should be an extension of the center line thereof.

The judgment of the lower court is therefore affirmed. The cost of appeal to be paid by the appellant.