CARR v. GEOGHEGAN

———

(June 10, 1929. Opinion and Decree.)

———

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for plaintiff, appellee.

Dufour, Rosen & Kammer, and Terriberry, Young, Rault & Carroll, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This is an action in boundary. The line in dispute is that which forms or should form the rear line of most of the properties fronting on the upper side of Audubon Boulevard.

The old Foucher Plantation formerly comprised the property which is now occupied by Loyola University, Tulane University and the properties fronting on both sides of Audubon Boulevard.

Defendant owns five lots fronting on the upper side of Audubon Boulevard. Plaintiff's property fronts on Green Street, and its side line is contiguous to the rear line of a part of defendant's property. Audubon Street is parallel to Audubon Boulevard. Green Street runs at right angles to Audubon Street but does not extend through to Audubon Boulevard but only runs to the line which we are called on to fix.

Between Audubon Street and Audubon Boulevard, as they are actually laid out there is not sufficient property to accommodate the title measurements of the various owners, and for some time there has waged a more or less acrimonious dispute between the Audubon Boulevard owners and those on the other side of the line, as to which should suffer as a result of the shortage.

It is quite evident that the line, as laid out by Henry C. Brown, surveyor, is at the point in question in this case, some two feet, eleven inches, further uptown than it should be. If the line as fixed by Brown were correct, defendant would be entitled to a depth of two feet, eleven inches, more than the other surveyors agree to.

That the Brown line is not correct is not seriously disputed. Eustis, the surveyor appointed by the trial court, and Mr. Frank A. Waddill, another surveyor of great experience and reputation, found, that at the point mentioned, it is in error to the extent mentioned.

So far then as the question of the location of the correct line is concerned, we have no hesitancy in agreeing with the trial judge that plaintiff is correct.

The serious defenses, however, are a plea of prescription of ten years and a contention that there can be no boundary suit where there has been a visible separation of the properties by a hedge or fence, as there was here.

In support of his plea of prescription of ten years, defendant alleges that he and his authors in title, have had actual physical possession of the small strip of land in question for more than ten years and that this possession has been under color of title.

In support of the contention that there can be no action in boundary where there has been a visible separation of the property, defendant calls our attention to the case of Opdenwyer vs. Brown, 155 La. 617, 99 So. 482, in which the Supreme Court said:

"As long as there exist no physical bounds, whether because none have ever been placed or because those once placed

have disappeared, the action to place or replace them cannot be prescribed against; for every one is entitled at all times to have his estate separated from that of his neighbor, R. C. C. art. 825. But if visible bounds actually exist, which have been placed there by consent, the action to rectify any alleged error in the location thereof must be brought within ten years, or it will be prescribed. R. C. C. Art. 853."

That the Opdenwyer case can afford no comfort to defendant becomes evident when we focus our attention on the words "which have been placed there by consent." We can well understand that if owners of contiguous estates agree that a boundary shall be along a certain line, and thereafter in conformity with that agreement, there is erected a fence or a hedge is planted, the right of either to bring an action in boundary is thereby cut off. Here, however, the evidence shows that there was no such agreement either expressed or implied or by acquiescence.

The testimony of Mr. F. A. Godchaux, who had owned the property previously to Geoghegan and had sold it to him, shows very conclusively that plaintiff cannot be said to have acquiesced in the boundary or to have accepted it as correct. Mr. Godchaux said (Tr. page 6):

An. "I got a letter from Mr. Carr some time after he moved up there in regard to the survey, and he said that he had a Mr. Waddill, if I remember correctly—he must have copies of his letters—and I told him to get Waddill and Lewis together and have them both run the lines together, and, whatever they find, I will agree to. Mr. Carr, if I remember correctly, was to get hold of Mr. Lewis and have it done. I told him to go ahead and attend to it, because I didn't have time, or something of the sort. I had a long talk with him over the phone—several talks —very friendly. I told him if I was wrong, I would move it."

We think that the facts as to the fence and hedge in question, bring this case squarely within the doctrine announced in Williams vs. Bernstein, 51 La. Ann. 115, 25 So. 411, in which it was said:

"The mere fact that parties owning adjoining properties have cultivated land up to a certain line, or up to a certain fence built either by one or both, or built by one and repaired by the other, does not, per se, evidence an adverse possession, or an acquiescence in, knowledge of, or recognition of an adverse ownership or adverse possession. Neighbors constantly run up fences within or beyond the boundary lines, or join fences; doing so with the knowledge and understanding that such acts are merely temporary, and done subsidiarily to, and with reference to, the rights of both to ultimately ascertain and fix rights by an action of boundary, or through a formal, legal survey. Until this happens such land is held in (occupancy), and not in 'adverse possession,' certainly, in the absence of a clear and direct claim advanced of adverse ownership and possession."

Since then there was no acquiescence in the dividing line as correct plaintiff is not estopped to maintain an action in boundary.

As to the plea of prescription of ten years, it is evident that the strip of land in question was not within the title limits of defendant since it is practically conceded that the rear line, as shown in the title, should be two feet, eleven inches, nearer the front line than it would be if the Brown survey were correct. Therefore, if defendant's contention is well founded the result would be that he would by ten years occupancy and possession, prescribe beyond his title and this, as we stated in Capo vs. Blanchard, 1 La. App. 3, is not permissible.

"In order to acquire by the prescription of ten years beyond one's title, it is necessary to show not only possession of ten

years but possession based on a boundary fixed according to title by a surveyor in accordance with the fundamentals required by the Code on the subject of fixing boundaries."

In Gray vs. Couvillon, 12 La. Ann. 730, we find the following:

"Parties are not bound by consent to boundaries which have not been fixed under an evident error unless perhaps by the prescription of thirty years."

It, therefore, appears that conceding all the facts to be as defendant contends, ten years is not sufficient for his purpose.

But the insurmountable obstacle, which we find directly in the path of defendant's counsel in his argument supporting the plea of prescription, whether of ten years or of thirty years, is R. C. C. 825, which provides "The action of boundary like that of partition, cannot be prescribed against * * *."

Furthermore even if the plea can be considered and even if all other facts sustained it, we are not certain that the fence was in existence on the line claimed, more than ten years before the filing of this suit and we are quite certain that the hedge was not.

Then, again, neither the hedge nor the fence was on the line fixed by Brown as the correct one, but both seem to have been placed on arbitrary lines established by guess on the part of the owner, or the then owner, of the property.

For these reasons we are of the opinion that the judgment of the trial court approving and homologating the proces verbal of E. L. Eustis, surveyor, and fixing the boundary in accordance therewith and ordering the removal of the hedge in question was correct.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.