### No. 501

### First Circuit

## CUTRER ET AL. v. DYSON

(October 10, 1929. Opinion and Decree.)

Amos L. Ponder, of Amite, attorney for plaintiffs, appellees.

S. S. Reid, of Amite, attorney for defendant, appellant.

LECHE, J. The plaintiffs, S. M. Cutrer, R. H. Varnado and P. C. Thompson each own adjoining tracts of land situated in the northern part of the parish of Tangipahoa, which tracts are, each and all, bounded on the south by lands of A. M. Dyson, defendant. They have instituted the present suit in order to obtain a judicial fixing of the southern limits of their lands and to locate the prolonged line which separates them from the lands of the defendant.

The trial court acting in accordance with the provisions of the Civil Code, appointed a surveyor to trace and mark the line in question, and the present appeal is by defendant who opposes the homologation of the surveyor's report.

It appears that the land of S. M. Cutrer which is in section 2 of T. 1 S., R. 7 E., and the lands of Varnado and Thompson which are in section 53 of the same township and range, are all bounded on the south by a line which forms the northern boundary of section 55, also in the same township and range in which are situated the lands of Dyson, the defendant. That

the lands of defendant extend along this line and are contiguous to and south of the three tracts of the plaintiffs. The surveyor appointed by the court proceeded then to locate the line forming the northern limit of section 55 and at the same time forming the southern limits of sections 53 and 2. He found unmistakable evidence showing the northwest corner of section 53 and following the courses and measuring the distances shown by the field notes from the United States Government, he discovered that two lines had heretofore been run to locate the northern boundary line of section 55, which line is also the southern boundary of sections 2 and 53. One survey was made by Troskolowsky and the other by Hepburn. There is a distance of approximately forty-seven hundredths of a chain between the courses of the lines drawn by these two surveyors at the southwest corner of section 53. Hepburn found this corner to be 79.15 chains from the Louisiana-Mississippi state line, on a course of N. 12 degrees E., and Troskolowsky found it on the same course at 79.62 chains. The surveyor appointed by the court, following the same course, found the corner to be 79.94 chains from the Louisiana-Mississippi boundary line. He says he found at this point remnants of an old fence, which in his opinion is the real location of the line in dispute.

The testimony by witnesses familiar with the locus, shows that the old fence, mentioned by the surveyor had been at the same place as a separation between the lands of plaintiffs and that of defendant for a number of years, far in excess of thirty.

An ex parte survey made recently, led defendant to build a new partition fence between himself and plaintiffs on the line originally located by Troskolowsky and the building of that fence is what instigated the institution of the present suit.

There is no reason why the court should attempt to determine the proper location of the northern boundary line of section 55, inasmuch as the plea of prescription advanced by plaintiffs is established by a preponderance of the testimony and must be maintained in obedience to the ruling of the Supreme Court in the case of Opdenweyer vs. Brown, 155 La. 617, 99 So. 482.

The judgment of the district court is therefore affirmed.