BLANCHARD v. MONROSE

(January 27, 1930. Opinion and Decree.)
(February 17, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and
Review Refused by Supreme Court.)

R. E. Kerrigan, of New Orleans, attorney for plaintiff, appellant.

Raymond Gauche, of New Orleans, attorney for defendant, appellee.

JANVIER, J. The preliminary facts of this case are so nearly identical with those in the matter entitled Carr vs. Geoghegan, 11 La. App. 74, 123 So. 371, decided by us on June 10, 1929, that we have decided to adopt, in a large measure, the statement of fact as it appears in that case.

This is an action in boundary. The line in dispute is that which forms or should form the rear line of most of the properties fronting on Audubon boulevard. The old Foucher plantation formerly comprised the property which is now occupied by Tulane University, Loyola University, and the properties fronting on both sides of Audubon boulevard. Defendant's property fronts on the upper side of Audubon boulevard, and that of plaintiff fronts on Audubon street, which is parallel to Audubon boulevard.

Between Audubon street and Audubon boulevard, as they are actually laid out, there is not sufficient property to accommodate the title measurements of the various owners, and for some time there has waged a more or less acrimonious dispute between the Audubon boulevard owners and those on the other side of the line as to which should suffer as a result of the shortage.

It is evident that the line, as laid out by Henry C. Brown, surveyor, is at the point in question in this case about four feet farther uptown than it should be.

That the Brown line is not correct is not seriously disputed. Mr. Frank A. Waddill, a surveyor of great experience and reputation, found that at the point mentioned it is in error to the extent set forth. So far, then, as the question of the location of the correct line is concerned,

we have no hesitancy in coming to the conclusion that plaintiff is correct.

The serious defenses, however, are a plea of prescription of 10 years and a contention that there can be no boundary suit, where there has been a visible separation of the properties by a fence, as there was here. In support of his plea of prescription of 10 years, defendant alleges that he and his authors in title have had actual physical possession of the small strip of land in question for more than 10 years, and that this possession has been under color of title.

In support of the contention that there can be no action in boundary where there has been a visible separation of the property, defendant calls our attention to the case of Opdenwyer vs. Brown, 155 La. 617, 99 So. 482, 483, in which the Supreme Court said:

"As long as there exist no physical bounds, whether because none have ever been placed or because those once placed have disappeared, the action to place or replace them cannot be prescribed against; for every one is entitled at all times to have his estate separated from that of his neighbor. R. C. C. art. 825. But if visible bounds actually exist, which have been placed there by consent, the action to rectify any alleged error in the location thereof must be brought within 10 years, or it will be prescribed. R. C. C. art. 853."

Up to this point the facts are identical with those in the Carr case except for the slight difference in measurements.

We deem it advisable at this time to call attention to two facts which appear here, but which were not present in the Carr case.

Here there had been a fence of some kind on the Brown line (the incorrect one) for considerably more than 10 years, whereas in the Carr case such fence or hedge as existed was neither on the Brown line nor on the correct line.

Then, too, in this case, there seems to have been no protest about the occupancy of the land in question, whereas in the Carr case the matter was actively disputed and protested for many years.

For a good many years the courts seemed rather undecided as to whether a boundary could be fixed otherwise than as provided in the Code. Later, however, it seems to have been well established that, if two adjacent property owners agree, even extrajudicially, that the boundary between their properties shall be a certain line and, as a result of that agreement, a fence is erected on that line and a period of 10 years is allowed to elapse, the right to bring an action to correct the boundary no longer exists. Opdenwyer vs. Brown, supra; R. C. C. art. 853.

For some time we found it difficult to understand the decision of the Supreme Court of this state in Williams vs. Bernstein, 51 La. Ann. 115, 25 So. 411, in which the court said:

"The mere fact that parties owning adjoining properties have cultivated land up to a certain line or up to a certain fence built either by one or both, or built by one and repaired by the other does not per se evidence an adverse possession or an acquiescence in, knowledge of or recognition of an adverse ownership or adverse possession. Neighbors constantly run up fences within or beyond the boundary lines or join fences, doing so with the knowledge and understanding that such acts are merely temporary and done subsidiarily to and with reference to the right of both to ultimately ascertain and fix rights by an action of boundary, or through a formal, legal survey. Until this happens such land is held in 'occupancy,' and not in 'adverse possession'—certainly in the absence of a clear and direct claim advanced of adverse ownership and possession."

We are now of the opinion that the decision in the Williams case is not inconsistent with that in the Opdenwyer case, and that all that the court intended to hold in the Williams case was that, in order for the erection of a consent fence to form the starting point of a prescriptive period, it must appear that the consent to or acquiescence in the erection of the fence was deliberate and intentional and not merely passive. In other words, that, if one neighbor allowed a fence to be erected, he would not later be estopped to contest the location thereof unless the circumstances showed that he fully understood that the fence was being erected as a boundary and not as a mere temporary barrier.

The distinction between a fence erected as a boundary and one constructed merely for temporary convenience is well set forth by the Supreme Court in Gray vs. Couvillon, 12 La. Ann. 730, in the following language:

"No such consent as contemplated by law is shown to have been given by the various proprietors to the line of defendant, and it is not proved that they considered it as the recognized and established boundary by which the limits of their lands were determined.

"On the contrary their consent seems to have been merely a tacit recognition for the time being of this line, until the boundaries of their lands should be accurately defined."

It seems then that, although the Supreme Court has definitely decided that boundaries may be fixed by mere consent of the parties, and that such consent will form the basis of the prescription of 10 years, such consent must be more than mere passive acquiescence in the construction of a fence and must, in fact, be affirmative recognition of the fence as the boundary line.

In Barker vs. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672, we find a case quite similar to that presented here. Plaintiff brought suit to compel the removal of a portion of a brick building which encroached upon his property. The building in question and the encroachment had existed for nearly 20 years. Plaintiff was not aware of the fact that there was an encroachment and, therefore, had passively acquiesced in the maintenance of the building on the line in question. It was contended that this acquiescence formed the basis of a plea of prescription. The court held that the boundary had not been fixed according to law, and that the defendant had not acquired the property by adverse possession of 10 years under survey. Since the Supreme Court in other cases has held that actual survey is not necessary, but that actual consent or active acquiescence may be substituted therefor, we think the result in the Barker case is decisive of the question presented here.

As the Supreme Court said in Frederick vs. Brulard, 6 La. Ann. 382:

"Under that state of facts, the consent alleged, if it was given, was clearly in error of the rights of the owner of the tract now held by the plaintiff, and would consequently fall within the principle on which it has been held more than once, that a mistake of this kind neither destroyed title nor conferred it."

In Brown vs. Andrews, 1 La. App. 449, the Court of Appeal for the Second Circuit said:

"We do not think the proof sufficient to establish defendants' claim that any line now shown on the ground has been so recognized as to render unnecessary a judicial fixing."

The case of Cutrer vs. Dyson, 11 La. App. 472, 123 So. 904, 905, does not appear to us to be applicable for the reason that the court found:

"* * * That the old fence, mentioned

by the surveyor, had been at the same place as a separation between the lands of plaintiffs and that of defendant for a number of years, far in excess of thirty."

The question of whether or not the 30-year prescription would be applicable is not presented in the case before us.

It, therefore, appears to us that the prescription of 10 years, as provided in R. C. C. art. 853, is not applicable unless the boundary has been fixed by a surveyor and an error has been committed, or unless the boundary has been fixed by the consent of the parties or by their active acquiescence with a realization of the fact that they were actually consenting to a boundary and acquiescing in the location thereof, and that the mere passive failure to object to the location of a fence cannot form the basis of a plea of prescription of ten years.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff and against defendant dismissing defendant's plea of prescription of 10 years, and that plaintiff be recognized as the owner of the strip of ground lying between the survey of Frank H. Waddill dated October 1, 1928, and that of H. C. Brown, surveyor, dated February 9, 1909, and measuring, according to said plan of Frank H. Waddill, 3 feet, 9 inches and 4 lines on the side line nearest to Cohn street of lot "P" and 3 feet, 10 inches on the side line nearest Hickory street of said lot by a width of 22½ feet on a line parallel with the line of the Foucher tract. It is further ordered, adjudged and decreed, that the boundary line between the property of plaintiff and that of defendant be fixed and established according to the survey of Frank H. Waddill, dated October 1, 1928. It is further ordered that defendant pay all costs.