ELLIS, Judge.
■ Plaintiff, according to his title, is the owner of. approximately 55 acres of land, while the defendant is the owner of a contiguous tract of approximately 26 acres. The plaintiff has filed this boundary suit in order to have the boundary between the two properties judicially fixed due to a dispute between the two as to its location.
The defendant filed an exception of vagueness on the ground that plaintiff did not set forth his chain of title other than the deed by which he himself acquired his property. The defendant also filed a plea of prescription “for the further reasons that the boundaries between said parties have never been judicially or otherwise established by any legal means and measures, running from a period of more than thirty years.” The defendant next filed an exception of no cause or right of action and pleaded the prescription of five, ten and twenty years, as well as of thirty years.
The District Court overruled the exception of vagueness and no cause or right of action, and referred the plea of prescription to the merits, and on the merits overruled the latter plea under authority of Article 825 of -the Civil Code.
Defendant’s answer was a general denial coupled with an allegation of possession by defendant and his authors in title with well-defined markers and under fence for more than thirty years.
After trial there was judgment in favor of the plaintiff fixing the boundary be- . tween, the plaintiff’s and defendant’s property ip accordance with the official survey made under order of the court, and the costs of this survey were to be paid jointly by the plaintiff and defendant while the costs of the suit were to be paid by the defendant.
From this judgment the defendant has appealed.
The lower court properly overruled the exception of vagueness by which the defendant was attempting to test or raise the issue of title. This ruling was correct under Article 829 of the Revised Civil Code of Louisiana which states: “The action of boundary may be instituted not only by the owner, but by any person who possesses as owner, and his neighbors can not require proof of his right of ownership.” Also, see Sprigg v. Hooper, 9 Rob. 248; Keller v. Shelmire, 42 La.Ann. 323; 7 So. 587.
The lower court was also correct in overruling the plea of prescription to the action of boundary under Article 825 of the Civil Code. In the present case, the boundaries had never been fixed, and an *589 action which seeks the establishment of a boundary, is not prescriptible. Porche v. Lang, 16 La.Ann. 312; Arceneaux v. DeBenoit, 21 La.Ann. 673; Latiolais v. Mouton, 23 La. 529; Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411; Laurent v. Laurent, 146 La. 939, 84 So. 212; Capo v. Blanchard, 1 La. App. 3; Brown v. Andrews, 1 La.App. 449.
All other pleas of prescription were dependent upon the merits as shown by the facts developed on the trial of the case.
There were two-surveys introduced on the trial of the case, one made by E. L. ■Gorham under appointment of the Court ■and one by a surveyor at the request of the defendant. The survey by the former gave both parties .almost exactly the amount •of land called for in their respective deeds, while that made by the latter gave the plaintiff approximately five acres less than his deed called for and the defendant five acres more than his deed called for. , .
The district court in its written reasons lias correctly stated the facts briefly as follows:
“There is no evidence in the case to show that there was ever a dividing line between the two pieces of property which ■could be or was considered as a boundary. The testimony of McKinley Vincent found at page 67 of the transcript, et seq. is in ■our opinion conclusive to show that there was a considerable tract of land between the two pieces of property in the marsh over which no one' exercised exclusive ownership. Defendant has sought to prove that there was a fence in the middle •of the marsh, which established the boun--■dary. This testimony is not satisfactory to the Court, since, in our opinion, the evi■dence clearly shows that this fence was ■south of the tract of land in question and ■the only fences between the two pieces of property were one on the east side, of the ■marsh and next to the field of West, and ■one on the west side of the marsh and next to the field of Cormier or Tony Vincent, who originally lived on the property.”
“There has been considerable testimony about a cypress stick or stob in the marsh and this cypress stick or stob, according to one of the deeds, was placed in the marsh by one of the former owners. There is nothing in the evidence to show that this stob or stick was placed as a monument for a corner or fence line by anyone with authority to so place it. * • * * ”
There is no question "but that no boundary was evefi fixed judicially or ‘extra-judicially, and there was no proof of the possession plead by the ' defendant to a fence between the two properties.
We are of the opinion that the judgment of the District Court is correct and should be affirmed.