TALIAFERRO, Judge.
Plaintiff and defendant, by purchases from a common owner, Mrs. F. H. Guillot, own adjoining tracts of land fronting on Cane River in Natchitoches Parish. Plaintiff’s tract lies south of defendant’s. His deed is dated January 1, 1939, while that of the defendant bears date of February IS, 1939. The boundary line between the tracts had not been established prior to' their ownership.
It appears that soon after they acquired the properties mutual effort was made by them to have the common boundary line between them established, but nothing came of it. Defendant then erected a fence from the front of the tracts (on Cane River) to their southwesterly limits; and in order to provide a passageway for his cattle to Cane River for water, he thereafter erected another line of fence parallel to the first one, thus making a lane 'between the two. That occurred in or about the year 1940. Evidently, it was believed that the fence first erected was on or nearly on the dividing line between the two estates.
*819 Anyway, plaintiff actually possessed the land from the first built fence southwest to the lower limits of his tract, and his possession thereof was not disturbed until just prior to the institution of this suit, a possessory action, on October 30, 1950.
It is alleged by plaintiff that within the past thirty days defendant had encroached upon his property, and had erected another fence thereon from the front to the rear thereof, below the first fence erected by him several years ago; that defendant has taken possession of petitioner’s land, some four or five acres, north of the fence lastly built; that by defendant’s said action plaintiff had suffered a real disturbance in his possession of said acreage, and desires to have such possession recognized and restored to him. He prays accordingly, and, further, that defendant be condemned to remove the fence in controversy.
Defendant, in answer, admits that he erected the two lines of fence, mentioned hereinabove, and, in effect, admits that his own actual possession has not since that time, until said disturbance, extended below the southerly line. However, he denies in answer that plaintiff, as owner, has possessed the strip of land in controversy. He alleges that prior to the erection of the third line of fence, a competent surveyor employed by him, established the correct boundary line 'between the two tracts and that this line of fence follows this line, or nearly so; but is well’ on his land. He further avers that if plaintiff is not satisfied with the line established by said survey, the court should order another survey thereof made.
There was judgment for plaintiff as by him prayed. Defendant appealed.
The testimony of defendant, on cross-examination, given frankly, establishes plaintiff’s right to proceed as he has done. After stating that when he. and plaintiff acquired the tracts of land there was no fence to mark the boundary between them, he further testified:
“Q. Is there a fence there now? A. Yes, sir.
“Q. When was it built? A.- It was built in 1940.
“Q. The fence was built in 1940? A. I think so, yes, sir.
“Q. After you bought the place in 1939 ? A. Well, yeah.
“Q. After you bought the place, the fence was built from the front to the back? A. Yes, sir.
“Q. What part of 1940 was the fence built? A. In the Fall.
“Q. Of 1940? A. In the Fall of 1940.
“Q. That fence remained there until when? A. That fence is still there.
“Q. It is? A. Yes, sir, there’re two fences. I got a line between me and S. P.
“Q. Did you recently build another fence? A. Yes, sir.
“Q. How far over toward S. P. did you build the new fence? A. Well, it’s about 35 or 40 feet.
“Q. All the way across? A. All the way from front to back.
“Q. Until you built the new fence, that property was over on S. P.’s side of the old fence? A. Yes.
“Q. And had been since 1940? A. Yes, sir.
“Q. Your side of the old fence was completely enclosed and had a fence all the way around it? A. All the way around which?
“Q. Your property? A. Yes, sir.
“Q. And your side was completely enclosed? A. Yes, sir.”
The initials “S. P.” in this testimony have reference to the plaintiff.
It is made clear by defendant’s own testimony that plaintiff has possessed for some 10 years the strip of land, 39 feet wide on the front and wider at the rear, that lies north of the fence erected by defendant in the latter part of the summer of 1950. The facts that plaintiff contributed nothing toward the expense of erecting the fences, and that he joined his own fences to that erected by defendant, have no- material bearing upon the issue. Joining of fences, under like circumstances, is quite common. The fact remains that the original fence separated the tracts and each owner actually possessed to it; and *820 this is true even though, as to the exact location of the line, there was uncertainty. It should not be overlooked that by building the first fence, when and where he did, defendant virtually conceded to plaintiff the right to possess to it under his deed, and in the same breath, limited his own right to possess to it on the north.
An act clearly indicative of plaintiff’s claim of ownership to the lane is reflected from a sale by him of one acre to the Parish School Board, in the northwest corner of his tract. This acre lies wholly, or in part, above the line presently contended for by the defendant.
Defendant argues that plaintiff should have instituted an action of boundary instead of the possessory action; and bases this position largely upon the contents of a compromise agreement entered into and signed by both parties on April 3, 1940. It appears that prior to this date, plaintiff herein instituted a suit against the defendant, the object of which is not made clear as the pleadings were not filed in evidence. The agreement terminated the suit. By its terms, plaintiff leased to defendant for the year 1940 his tract of 27 acres involved in the present suit. It is stipulated in the compromise agreement that the parties thereto' appointed Mr. V. Gaiennie Hyams, surveyor, “to survey and establish the boundary line between” the 27 acre tract of the plaintiff and the adjacent tract of the defendant; and that “the parties hereby agree that said boundary line, when correctly established by said survéyor, will be accepted as the true and correct boundary.”
Mr. Hyams, within 30 days prior to filing this suit, did make the survey provided for in this agreement, but it does not appear that plaintiff had notice of his intention so to do, and, therefore, was not present nor represented when it was done. He vigorously contends that the survey is riot correct. In view of these facts, it seems clear to us that defendant is the one who should have taken action to have settled the uncertainty regarding the boundary line in question. He did not have the right ex parte to have the line run and then, without notice to plaintiff, disturb his possession by erecting a fence thereon. But having done so, it developed upon plaintiff to either accept the situation thus created or proceed as he has done, a course warranted by the facts.
Article 49 of the Code of Practice lays down the requisites to a possessory action, which are: Real and actual possession at the time of the disturbance; that such possession be as owner either in good or bad faith, and for more than one year prior to the disturbance, which must be real, either in fact or law; that suit be filed within one year following the disturbance.
Defendant further argues that this Court should in this action order plaintiff to institute suit to -have the boundary fixed. This cannot be done as in a possessory action, neither the merits of title nor the limits thereof is a proper subject for inquiry.
Defendant relies upon the following cases to support his contention that plaintiff’s possession of the strip of land, mentioned above, was not of such character as is required as a basis for a possessory action: Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; Barker v. Houssiere-Latreille Oil Company, 160 La. 52, 106 So. 672.
None of the cases is controlling of the question tendered in the instant case. The first two involved boundary actions, and prescription, while the third had for its purpose the removal of a portion of a brick building which was over the line and upon plaintiff’s land. There, as in the other cases, prescription was relied upon by the defendants. In all three cases the plea was found to be untenable. In this case there is not tendered a plea of prescription of any sort; on the contrary, solely possession. And, as said before, such possession need not be in good faith. However, surely there is nothing in the record to indicate plaintiff’s possession to be other than bona fide.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.