McINNIS, Judge ad hoc.
This is a suit to establish the correct boundary from east to west between properties of plaintiff and defendant, who are vendees of a common author. Plaintiff’s deed is dated July 10, 1946 and that of defendant is dated November 7, 1939. Plaintiff alleges that the fence of defendant encroaches on' his property approximately 35 feet at the north end, and approximately 15.7 feet at the south end of the fence, and asks that a surveyor be appointed to make a survey of the properties, and George E. Dutton was appointed.
Defendant first filed a plea of vagueness and exception, of no cause and no right of action, both of which were overruled by the district judge in a well reasoned, written opinion.
Defendant then answered the petition, admitting the purchases as alleged, and denying that. the boundary between the properties had not been fixed, and alleging that at the time .of her purchase, her vendor, H. L. Jones, pointed out the boundary of the , property she purchased, and that shortly thereafter the fence she claims is the boundary was constructed, and that when plaintiff purchased from Jones, the fence was pointed out to him as the boundary. In the alternative, it is alleged that, at the time plaintiff purchased, the fence was standing and that he knew the fence was the east boundary line of defendant’s land, at least so far as defendant claimed or understood, , and made his purchase without protesting the fence as the bound *758 ary, and thereby tacitly accepted it as the line, and that he is now estopped from disputing the fence as the boundary between the properties, and this estoppel is specially pleaded in bar of plaintiff’s demand.
On May 12, 1950, by agreement of counsel, the question of whether or not the boundary had been established by agreement between the parties was tried, with the understanding that if the court overruled this defense, both parties reserved the right to attack the survey of Mr. Dut-ton.
Plaintiff testified that when he made the trade for the land, H. L. Jones took him around the property and pointed out the corners, especially the iron pipe at the northeast corner of the Northwest Quarter of Section 26, Township 19 North, Range 15 West, set by C. M. Flanigan in 1941, when he had a survey made of property adjoining, owned by his family for sixty years.
Plaintiff saw the fence of defendant, but he says Jones told him it was not on the line. Jones died while the title to the property was being examined, and the deed to plaintiff was executed by his widow, Mrs. Myra D. Jones. She died before the trial of the case.
The district judge in a written opinion concluded that it had been proven that H. L. Jones designated the line where the fence of defendant exists as the east line of the property he was selling her. That the surveyor, who made the survey for C. M. Flanigan, established a corner, which would be ' the northeast corner of the Northwest Quarter of Section 26, some distance west of defendant’s fence, and that Flanigan pointed out this corner to Jones. That in 1946 when Jones sold to plaintiff he took him around the property and pointed out the iron stake placed by Flanigan’s surveyor as being the corner, and told him that the fence was not on the line.
He then concludes that the line pointed out by Jones to defendant was in error, and citing Opdenwyer v Brown, 155 La. 617, 99 So. 482 and Carr v. Geoghegan, 11 La.App. 74, 123 So. 371, holding that unless the line had been established for as long as ten years, a suit to fix the correct boundary is permissible, overruled the plea of estoppel. Defendant filed an application for rehearing, assigning numerous errors of the court, especially in not following the decisions in Harper v. Learned, 199 La. 398, 6 So.2d 326, and Selfe v. Travis, La.App., 29 So.2d 786. The lower court in another written opinion pointed out the difference between the cited cases and this case, and refused the rehearing.
Mr. Dutton, the surveyor, appointed by the court, had previously filed his survey and report, and on November 21, 1950 both plaintiff and defendant filed objection to the homologation and approval of the survey. Plaintiff says the Dutton survey is in error in placing the corner 13.86 feet east of the Cooper survey.
Defendant opposes the Dutton survey, still contending that the boundary was fixed by agreement. In the alternative, he asks that the Dutton survey be accepted.
After trial on the issue of the correctness of the Dutton survey, the lower court, in written reasons for judgment, adopted the Dutton survey, and ordered the costs divided equally between plaintiff and defendant. Plaintiff filed a motion for rehearing and asked that the Cooper survey be used in establishing the boundary between the properties of plaintiff and defendant.
After further considering the case, the lower court, in another written opinion, overruled the motion for a rehearing. From the judgment plaintiff prosecutes a devolutive appeal. Defendant answered the appeal and asks that the judgment be reversed and the corners, pointed out to defendant at the time she purchased the land, be established as the boundary between the properties of plaintiff and defendant, and, in the alternative, that the judgment appealed from be affirmed.
We are in accord with the finding of the lower court that defendant’s vendor, H. L. Jones, pointed out the east boundary claimed by defendant. In addition to the testimony of defendant and her husband that Jones pointed out the boundary, de *759 fendant erected the fence on the line, to the knowledge of Jones, and was not disturbed by him. However, the description of the property, conveyed to defendant, is tied into the northeast corner of the Northwest Quarter of Section 26, as is also the description of the property of plaintiff, and we are in accord with the legal conclusion of the lower court that if the corners pointed out are erroneous, that any 'interested party has the right, at any time within the prescriptive period of ten years, to have the boundary judicially established. We say this after full consideration of the able brief filed by defendant’s counsel, in which principal reliance is placed on the cases of Harper v. Learned et al., supra, and Selfe v. Travis, supra. These cases are easily distinguishable from the present case. In the first case the boundary had been recognized for forty years, and in the Supreme Court the plea of ten, twenty and thirty years prescription was sustained. In the second case, the court was satisfied that the' boundary line had been pointed out to Selfe at the time he purchased the lot, and that he knew that the line was not where his deed called for it.
This brings us to a consideration of whether the Dutton survey should have been accepted and the boundary fixed in accordance therewith. The Dutton survey appears to be predicated on sound procedure, and, unless the record shows it is incorrect, it ought to be accepted. The evidence to contradict its accuracy is that of Robert S. Cooper, who made his survey while employed by E. M. Freeman and associates, by request of plaintiff, before the suit was filed. There is very little difference in the two surveys, and this difference seems to be in apportioning overage. Mr. Cooper used the same point that Mr. Dut-ton used as the northwest corner of Section 26, and ran his line to a corner that he says is the northeast corner of Section 26 and apportioned the overage over this mile. Mr. Dutton calls the northeast corner of Section 26 a lost corner, so he ran to the northeast corner of Section 25 and apportioned the overage to the two sections, 25 and 26, thereby moving the corner established by Cooper as the northeast corner of Northwest Quarter of Section 26, to the east 13.86 feet and moving plaintiff’s northeast corner 15.95 feet to the east.
We do not believe the survey of Dutton has been discredited by the survey and report of Cooper, and, accordingly, it should be adopted.
For these reasons the judgment appealed from is affirmed. Costs were equally divided between plaintiff and defendant by the lower court, and this is correct. Cost of the' appeal to be paid by plaintiff-appellant.
KENNON, J., not participating.