HARDY, Judge.
This is a suit seeking the judicial establishment of the boundary between the adjoining estates of plaintiff and defendant. Pursuant to order of the court J. C. McLemore, surveyor, inspected the premises described, surveyed the same and made return of his procé verbal in connection with said survey, which was duly homolo-gated. Trial was had on the merits and judgment rendered rejecting the McLemore survey and fixing the boundary between the two estates as contended for by defendant. From this judgment plaintiff has appealed.
The lands owned by plaintiff and defendant are located in the NWj4 of NWJ4 of Section 9, Township 18 North, Range 11 West, of Bossier Parish, Louisiana, and the said lands were purchased by the parties from a common author in title, Leon S. Dunn. Plaintiff’s estate was purchased by deed dated March 20, 1952 and shortly thereafter a survey of the NWj4 of NW}4 *553 of said Section 9 was made by Jessie C. McLemore, reflected in a plot of the survey dated April IS, 1952. In connection with this suit the same surveyor twice surveyed the NW}4 of NW^4 of Section 9, and the plats of said surveys dated April 21, 1954, and July 11, 1956, have been filed in evidence. The three surveys and the maps thereof are in complete accord.
Admittedly there has never been any boundary judicially fixed between the lands of plaintiff and defendant, nor is any question of prescription involved in the instant case.
The deeds under which both plaintiff and defendant acquired from Dunn described the boundaries of the properties as measured from specified distances north of the southwest corner of the NW}4 of NWj4 of Section 9. According to the deeds, the point of beginning of the east-west line bounding the properties between plaintiff and defendant was fixed as being 500 feet north of the said southwest corner. This starting point was located by McLemore, as reflected by his maps of survey.
Defendant opposed the acceptance of the McLemore survey on the ground that he had purchased his property in reliance upon certain stakes fixed by his vendor. The testimony shows that these stakes were fixed in error as to the location of the southwest corner of the 40 acre tract if the said corner is correctly established by McLemore’s survey. The testimony is conclusive on the point that Dunn, the vendor of both plaintiff and defendant, considered the southwest corner as being located at the westernmost end of an east and west fence line across the southern part of the 40 acre tract. This fence corner, as located by McLemore, is approximately 20 feet north of what he regarded as the true southwest comer.
There is no expert testimony in the record which contradicts the accuracy of the McLemore survey. In the absence of such testimony, and considering the fact that McLemore had made three surveys of this property over a period of some four years, and that all surveys were identical as to the corner locations, we cannot fail to conclude that his location of the southwest corner should and must be accepted as correct.
Defendant’s opposition to the acceptance of the McLemore survey in the final analysis, must rest not so much upon the contention of error in the location of the southwest corner as upon the insistence that the-boundary between plaintiff and defendant should be located in accordance with the. stakes fixed by their common vendor. It-is evident from the testimony that these stakes were fixed by Dunn upon the erroneous assumption that the fence corner from which he measured was the southwest corner of the 40 acre tract. We have not found any authority in the cases cited by counsel for defendant which would justify the perpetuation of this error. Our conclusion might be otherwise if the title deeds had called for measurements originating from the fence corner, or if the boundary between the parties was evidenced by any markers, natural or artificial, which had been accepted by them. Since these circumstances are not present in the instant case we think the general principle which should be followed under the facts established was enunciated by this court in Smith v. Scarpengos, La.App., 56 So.2d 757.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and it is now ordered, adjudged and decreed that the survey of Jessie C. McLemore, as evidenced by map thereof dated July 11, 1956, be and it is approved and accepted, and the boundary between the estates of plaintiff and defendant is fixed and established in accordance with said survey and map thereof and particular- ' ly located as follows:
Beginning at a point on the west line of Section 9, Township 18 North,' Range 11 West, of Bossier Parish, Louisiana 500 feet north of the south *554 west corner of the NWJ4 of the NWJ4 of said Section 9, run thence east 400 feet; thence south 50 feet; thence east 85 feet; thence south 50 feet; thence east 15 feet; thence south 100 feet, which point terminates the common boundary line between the estates belonging to the plaintiff, Lester Scott, and the defendant, Patrick Y. Smith.
It is further ordered that the costs of appeal be taxed against defendant-appellee, and that all other costs of this suit be apportioned equally between plaintiff and defendant.