Alleging that he is the owner of a body of land situated in the Fourth Ward of St. Martin Parish containing 99.67 acres, comprised of three different tracts of land acquired by him in separate deeds, and that the defendant, Stanley Robert, is the owner of a tract of land which adjoins his on the east, and that the boundary between the two properties has never been judicially established, although he has endeavored unsuccessfully to have the line fixed extra-judicially, plaintiff, Leonard Latiolais, instituted this suit to have the boundary line judicially determined and established under the usual legal procedure as *Page 348 
embodied in the Revised Civil Code of Louisiana, § 823 et seq.
He alleges in his petition that about two years previous to the institution of the present suit, the defendant erected a fence on a curved line which encompassed an area of his property on which there are valuable pecan trees and which line deviates from the direction of an old fence that had been previously established by an act of survey but which, he admits, had never been recognized by the defendant or his authors in title. He alleges further that as shown by actual survey, the defendant now has a surplus of approximately nine acres over and above what his title calls for.
In accordance with the prayer of plaintiff's petition, the district judge granted an order appointing Val. E. Smith, Surveyor, to inspect the premises described in the petition, to survey the same and make his report to the court, in writing, all according to law.
The defendant filed pleas of ten and thirty years' prescription and also an exception of no cause or right of action. Under reservation of his pleas he then filed his answer in which he denies practically all the allegations of plaintiff's petition and reiterates his pleas of ten and thirty years' prescription.
The case appears to have been tried on all issues raised under the aforesaid pleadings at one and the same time and resulted in a judgment in favor of the defendant sustaining the plea of thirty years' prescription and dismissing the plaintiff's suit at his costs. Plaintiff has appealed and defendant has answered the appeal asking that the judgment be affirmed in so far as it sustained the plea of thirty years' prescription and in the alternative that the plea of ten years' prescription be sustained, or again, in the further alternative, that there be judgment in his favor on the merits of the case. Inasmuch as we have concluded that the judgment correctly maintained the plea of thirty years' prescription, we will address ourselves only to that issue.
There seems to be no dispute that formerly when the two properties were under different ownerships, there was a line defined by a fence which separated them. That line was evidently fixed by an old survey as the corners seem to have been definitely established and marked with iron stakes which still exist and admittedly form the basis of the correct line. According to the report of the surveyor appointed by the court, this line extends from north to south and measures 2,064 ft. in length. Moreover it appears from the testimony that one of the two former proprietors planted pecan trees as near as possible along the line so that they could serve at some time as posts to which a wire fence could be attached. In the course of time however as it became necessary to repair the fence or to reconstruct it in places, the line assumed a curved proportion contrary to the straight line as called for by the respective titles of the properties, and inasmuch as at some places the deviating curved line encroached on the plaintiff's property a few feet, the greatest distance being six feet, that is what, in our opinion, gave rise to the controversy.
It appears that some two years prior to the institution of this suit plaintiff had employed the same surveyor who was appointed by the court herein to plat and subdivide his property and it was then that the deviation in the line between the two corners was discovered. According to the plaintiff he then contacted the defendant and requested that he accept a straight line between the two corners as the boundary line between them, but this, the defendant refused, insisting that the line remain as it existed at the time. Were the line to be drawn straight, the result would be that all the pecan trees would be found on the plaintiff's property whereas in its present position it appears that every other tree is on the defendant's. The discrepancy in the quantity of land by reason of the curved line is now virtually conceded to be about one-tenth of an acre and the larger amount of nine acres as set out by the plaintiff in his petition seems to have been satisfactorily accounted for.
The record does not support the plaintiff's contention that either the defendant or his authors in title have at different times encroached on his property by erecting the fence a few feet further east on each occasion. As a matter of fact it is shown that under an agreement between the former owners and still carried out by the present owners, each proprietor would take care of his part of the fence, the owner of the tract belonging to the defendant having to look after the northern end, and the other, the southern part of the fence, and it is definitely shown that the greatest deviation in the line is on that *Page 349 
end of the fence which the plaintiff and his ancestors had to keep up. Moreover whilst the present line is curved to some extent it is nevertheless a continuous one with no abrupt offsets or unusual breaks save those occasioned by the presence of the pecan trees referred to.
The question involved in the plea of prescription of thirty years then seems to resolve itself into one of the length of time the present dividing fence line, regardless of it being the one called for by the title to the respective properties has served and been recognized as the boundary line between them. If it has existed for thirty years or more and the defendant and his authors in title have held and enjoyed uninterrupted possession, whether in good or bad faith, of all the property extending to its limits, then the plea of prescription is good and the defendant is entitled to retain the property even if it gives him a greater quantity of land than mentioned in his title. That is the law as embodied in Art. 852 of the Revised Civil Code, and as interpreted by the Supreme Court in the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, 485.
The evidence is overwhelming to the effect that for forty years or more a fence has been erected in the same place and on the same line where the present fence exists. Several witnesses testified to that as being a fact and no one successfully contradicted it. Even the plaintiff himself, although he does not fix its exact location, admits the existence of an "old fence" as he calls it, and the surveyor appointed by the Court at his instance and request, as well as other witnesses, testified that the pecan trees bear evidence of having served as fence posts as they still carry the sign of old barbed wire embedded even up to the center of their trunks.
In considering the plea of thirty years' prescription the trial judge was confronted with a question of fact which he resolved in favor of the defendant. In order to reverse his ruling it would be necessary to hold that he committed manifest error in doing so. Counsel for plaintiff was unable to point out any such error and our examination of the record reveals none. The case is one in which the court is concerned with a physical and visible boundary line which has been established between two contiguous properties for more than thirty years and with regard to which the Supreme Court, in the case of Opdenwyer v. Brown, supra, stated: "It is our firm conviction that the public interest requires that boundaries established for more than 30 years should not be disturbed; and we think the law so provides." That language is pertinent in this case and we consider it controlling in determining the plea at issue.
The judgment appealed from which maintained the plea of thirty years' prescription being found correct, stands affirmed at the costs of the appellant.
DORE and OTT, JJ., concur.