44 So.2d 354 (1950)
PICOU et al.
v.
CUROLE.
No. 3194.
Court of Appeal of Louisiana, First Circuit.
January 31, 1950.
*355 Knobloch & Knobloch, Thibodaux, for appellant.
Harvey Peltier, Thibodaux, for appellee.
JONES, Judge ad hoc.
This is an action in boundary. The allegations of the petition show that plaintiff acquired the property described in Article I of the petition in the year 1947; that said property was bounded on the South by the lands of the defendant herein, and that the boundary lines between the contiguous estates has never been established even though a fence had been erected by the defendant many years ago, which fence encroaches upon and takes approximately forty feet of the frontage of the lands of the petitioner. Plaintiff, accordingly, prayed for an engineer to be appointed by the court in order that a judicial fixing of said boundary line might be made between the respective parties to the suit.
Defendant in answer denied that the line of his property encroached upon or that he held any property belonging to the plaintiff herein. He declared on his title, as set forth in Article 10 of the petition, which it is alleged was acquired by the defendant in the year 1927. It is further set forth in the answer that the tract of land owned by the defendant has well-defined and established limits, described otherwise than by survey, and that the said defendant has had the continuous and uninterrupted possession of the property for a period in excess of twenty-one years. Accordingly, defendant in answer interposed a plea of prescription of ten years, under the provisions of Article 853 of the Revised Civil Code. Later, the defendant filed a plea of prescription of thirty years under the provisions of Article 852 and Articles 3499 through 3505 of the Revised Civil Code. He later filed a plea of prescription of ten years under the provisions of Article 3478 of the Revised Civil Code.
The district judge did not appoint an engineer to survey the property, as prayed for in the petition, but heard only the various pleas of prescription as filed by the defendant. There was judgment maintaining the pleas of prescription of ten and thirty years, and from said judgment the plaintiff has appealed.
The facts show that in the year 1917 the children of Frank Parra, Sr. partitioned the land which they acquired from their father's estate. William Parra, the defendant's author en title, was awarded the fourth arpent down in the eight-arpent tract, and Walter Parra, the plaintiff's author en title, was awarded the third arpent down in said tract. The testimony reflects that more than thirty years ago a fence was constructed between the William Parra Arpent and the Walter Parra Arpent. In order to dispose of the pleas of prescription, we will consider them in the order in which they were filed.
In order to establish the plea of prescription of ten years, as provided by Article 853 of the Revised Civil Code, it is necessary that defendant show that the boundary line between his property was either fixed by a survey or the consent and acquiescence of the adjoining property owner at the time said boundary line was determined. See Opdenwyer v. Brown, 155 La. 617, 99 So. 482, and Article 853 of the Revised Civil Code. While it is true the evidence reflects that a fence was built along the line in question and the adjoining property owners only cultivated the land up to said fence for a period of more than ten years, yet this does not constitute sufficient consent or acquiescence to maintain the plea of prescription of ten years to the action of boundary. Williams v. Bernstein, 51 La. Ann. 115, 25 So. 411; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891.
The next plea of prescription to this action of boundary is that provided by Article 852 of the Revised Civil Code, which reads as follows:
"852. (848). Prescriptive possession in excess of title.Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond *356 that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
The defendant, as shown by the record in this case, produced many witnesses, whose testimony was apparently believed by the trial judge, who testified to the effect that there was a fence which was built more than thirty years ago between the William Parra tract and the Walter Parra tract (said tracts being presently owned by the respective parties to this suit) and that said fence has remained at the same location up until the present time. As a matter of fact, it is shown that this fence was rebuilt by the defendant in the year 1927 and he built it at the same location as the old fence, because evidences of said old fence were there at the time of the construction of the present fence. If it is true that this fence, separating the estates, has been there for more than thirty years, and we believe that the evidence is abundant on this point, then it it our opinion that the plea of prescription of thirty years is applicable for the reason that the tract of land herein claimed by the defendant has been possessed under visible bounds for more than thirty years and these bounds should prevail under the ideal bounds called for in the titles. See Opdenwyer v. Brown, 155 La. 617, 624, 99 So. 482.
Of course, it is contended by counsel for plaintiff that it must be shown, in order to establish title by the prescription of thirty years, that the adverse possession, in its inception at least, consisted of corporeal possession and that, subsequently, the civil possession will suffice. It is, accordingly, argued that since the evidence does not show that William Parra, the defendant's author en title, ever held the adverse possession of this strip with the intention of possessing it as owner, then the prescription of thirty years cannot apply. It is true that the plaintiff produced a witness, Frank Parra, who testified that he farmed the lands of his brothers (William and Walter Parra) from the year 1914 to the year 1922. This witness likewise testified that there were no fences on the property, nor any houses on the William Parra tract. He was contradicted on these points by numerous witnesses and the trial judge, who was in a better position that we to determine the credibility of the witnesses, apparently did not believe the testimony as given by Frank Parra. Otherwise, he could not have sustained the plea of prescription of thirty years. We are satisfied that Frank Parra was on the property and farmed it, but we are not sure of the number of years that he did so. However, he admitted that he occupied it for both William and Walter Parra, as well as the other children, and testified that he farmed it as a whole. To say the least, when he farmed the William Parra tract, which it is shown was under fence, then his corporeal possession was the possession of William Parra, the defendant's author en title. It is, therefore established that adverse possession of the property was held by William Parra during the year 1917, as a result of the fence and houses being on said property, and there is abundant evidence which convinces us that most probably the corporeal possession and most certainly the civil possession of said property was retained until the year 1947.
There was also filed a plea of prescription of ten years under Article 3478 of the Civil Code, alleging that defendant acquired the property in good faith and by a just title. Our appreciation of this type of possession is that it cannot be maintained if it is shown that one has possessed against the limits of his title, for the reason that then the title would not be translative of the property in dispute. The evidence convinces us that the description in defendant's title does not extend as far as the fence heretofore discussed and this ten-year prescription is not applicable beyond the limits of his title. See Articles 3478 and 3479 of the Revised Civil Code. See also Waterman et al. v. Tidewater Associated Oil Co. et al., 213 La. 588, 35 So.2d 225.
*357 Accordingly, for the reasons assigned, the judgment of the lower court will be amended by overruling the pleas of prescription of ten years and, as amended, it is affirmed, at appellant's cost.