GLADNEY, Judge.
This action involves the disputed right to ownership and possession of a strip of land 22 feet wide and 145. yards in length lying between the properties of 'James F. Adams, appellee, and Mrs. Rosa Lee Etheredge, appellant.
The controversy arose when Adams sought to build a fence to be located upon what he considered the western line of his property and was prohibited from doing so by Mrs. Etheredge, who instituted on May 26, 1952, a possessory action against Adams in the district court of DeSoto Parish, Louisiana. This suit was then brought by. Adams and is petitory in character as it prays for judgment recognizing the petitioner as the true and lawful owner of said strip of ground, and as such, that he be restored to full and undisturbed possession thereof. Mrs. Etheredge answered to claim continuous physical possession ■for a period of over thirty years and set forth her chain of title, praying that plaintiff’s demands be rejected, and, in the alternative, that she be decreed to be the owner of .the disputed strip. Neither party has asked for any further relief. .
Counsel for both parties, following the introduction of evidence of their respective titles, by agreement, stipulated that Adams has a valid title to the strip in controversy subject to the claim of Mrs. Etheredge of ownership based on the prescription of thirty years. By reason of this stipulation the legal issues of this case relate only to the proof of appellant as to her claim founded on prescription.
The property of Mrs. Etheredge consists of approximately two acres of land, the west line of which is the east line of the SE14 of SW^ Section 18, Township 12 North, Range 13 West, which governmental subdivision is embraced in the title of Adams. Mrs. Etheredge and her husband *389 first acquired from George W. Jones and Ernest C. Forey through deed dated July 31, 1923, and after a dissolution of the community of acquets and gains between herself and her husband, Mrs. Etheredge acquired the interest of her husband May 6, 1935. Prior to the Etheredge ownership of the two-acre tract it was owned by D. W. Hood, and by Jones and Forey from October 26, 1922, until the sale to Ether-edge. Hood operated a small store built in or near the southwest corner of the property. Forey constructed a house on the tract and lived there during his ownership. Shortly after July, 1923, the Etheredges moved upon the property described in their deed.
The property'presently claimed by James F. .Adams was formerly owned by Hall Adams, appellee’s father, who on February 28, 1920, purchased the SEj4 of the SW%, Section 18, Township 12 North, Range 13 West. This subdivision embraces the strip of ground in dispute. Hall Adams lived on his property more or less con-tinously until his death in 1937. The deed by which appellee acquired title is dated December 29, 1944. During the greater part of his life appellee lived on the property bought by his father in 1920.
•At the present time there exists a wire fence which commences at the Mansfield-Logansport Road and runs north. This fence is located 22 'feet west of the east line ■ of Adams’ property. There is no fence in front or on the south' side of the Etheredge home. To the rear of the house an east and west fence joins the wire fence referred to. Some time during 1951 plaintiff attempted to build a fence along what he considered the east line of his property and the proper division line between his property and that of Mrs. Etheredge. Mrs. Etheredge declined to permit him to do this. Each of said parties caused surveys to be made and plats of such engineering work'have.been'filed in the record of this case. With but slight and negligible difference, both surveys are in complete harmony’ and determine the true property line as being the east line of the SEi/4 of SW%, which line is 22 feet east of the present north and.south fence between the separate estates. The findings of the engineers and the admission of the attorneys for both sides definitely place the disputed property within the title held by Adams and outside of the title to the property acquired by Mrs. Etheredge.
In support of her claim to possession .of the disputed property defendant has alleged that she and her predecessors in title have been in actual and physical possession of said strip of land since December 8, 1913, and that there has been a boundary fence between plaintiff’s and defendant’s property since that time. She .also asserts ■that John G. Hood, a predecessor in title, built on the same property held by her and constructed a barbed wire fence where the north-south fence now stands between the respective properties :of plaintiff and defendant. Further, she alleges that while Jones and Forey owned such property, Hall Adams placed a rail fence on the exact fence line as the previous fence and that some time after 1930 Hall Adams replaced the rail fence with the presently existing barbed wire fence on the same fence line.
Various witnesses were placed on the stand to show the exact location of the fences which have existed on said property since Flail Adams took possession of his property during . 1920. Their testimony completely refutes the allegations of appellant’s answer that she and her authors in title possessed the disputed strip prior to 1923. Appellant, herself, did not testify. Evidence was given by her adult children fo the' effect that the present north and south wire fence replaced a rail fence located'on the same line. Necessarily, the testimony of these witnesses could not antedate their knowledge of the property which commenced when they, as children, lived on the property after their father purchased it in July, 1923, a period less than thirty years prior to the filing of this action. Forey, Adams, Frazier and Rives all gave evidence that when Mrs. Etheredge moved upon the property a'-wire fence was located on the true or ideal division line, some 22 *390 . feet east of, the present wire fence,. It was admitted the present wire fence was not built until some time after 1930.
The burden of proof rested upon appellant to demonstrate that her possession has extended to the present fence, or location of the present fence, for the. requisite period of thirty years. This she has failed to do. In this connection see: ’LSA-C.C. arts. 852, 3515; Buckley v. Thibodeaux, La.App. 1935, 163 So. 172; Schilling’s Heirs v. Kent Piling Co., Inc., La.App. 1951, 51 So.2d 329.
The district judge rejected defendant’s plea of prescription, holding that the evidence did not prove that defendant and her predecessors in title had possessed the disputed property for a period of thirty years, and rendered judgment recognizing the ownership and right to possession as rightfully belonging to James F. Hall.
.In brief, counsel for appellant argue that the proceeding in the instant case is one of boundary, and, therefore, that appellant has the right to add to her period of possession the periods of possession of her predecessors in title, all of which, it is contended, when added exceeds thirty years. ’
. As a legal proposition the argument of counsel is sound as to the effect of tacking on possession to sustain a plea of prescription of thirty years when in a boundary action there is a visible boundary, which has been in existence for thirty years or more. In such instance the party availing himself of the plea of. prescription may show that though he, himself, has not occupied the property for thirty years, the occupancy of his predecessors may be tacked on or added to his own. See LSA-C.C. art. 852; Opdenwyer v. Brown, 1924, 155 La. 617, 99 So. 482; Henly v. Kask, La.App. 1942, 11 So.2d 230, 233, 236; Cook v. Floyd, La.App. 1950, 49 So.2d 374, 376; Tate v. Cutrer, La.App. 1951, 53 So.2d 285; Vicknair v. Langridge, La.App. 1952, 57 So.2d 714; Rock v. Varuso, La. App. 1952, 61 So.2d 741.
The rule is subject to the requirements of Title V of the LSA-Civil Code, entitled “Of Fixing the Limits and of Surveying of Lands”, LSA-C.C. arts. 823-855. These provisions of the Code, inter alia, require the appointment of a sworn surveyor who is bound to return a proces verbal of his work and to conform to a certain procedure. Neither plaintiff nor defendant herein has called for a survey under the supervision of the court, and, therefore, the conditions precedent to a judgment fixing a boundary have not been met. The suit is in the nature of a petitory action and must be so classified.
Therefore, we deem it unnecessary to ourselves discuss the articles of the Code relating to the right to bring an action in boundary and the fact that under certain circumstances it is imprescriptible; nor do we deem it necessary to discuss at length the meaning of Article 852 or of Articles 3493, 3494, 3495 and 3503. These are fully discussed in Opdenwyer v. Brown, 1924, 155 La. 617, 99 So. 482. Furthermore we need not go into that discussion for the very pertinent reason that appellant has not shown possession of. the disputed strip for a period of thirty years even if the possession of her authors in title be added to that of hers. It is, therefore, immaterial whether appellant’s claim is predicated on •the accumulation of her possession and that of her authors in title or on her possession alone, since in either case the required period of possession had not been attained at the time thiá suit was filed. This was the finding of the judge a quo and we voice our approval.
Inasmuch as this was the only question in the case, it is ordered, adjudged and decreed that James F. Adams have judgment against the defendant, Mrs. Rosa Lee Etheredge, recognizing the plaintiff to be the true and lawful owner of the strip of ground approximately twenty-two (22') feet wide, extending north about one hundred forty-five (145) yards from the Mansfield-Logansport Road and across the east side of the Southeast Quarter of the South *391 west Quarter (SE(4 of SW(4), Section Eighteen (18), Township Twelve North, ■ YZ N.), Range Thirteen West (13 W.); and that as such .owner the plaintiff is entitled to full and undisturbed possession of said strip of ground and the defendant, Mrs. Rosa Lee Etheredge, is ordered to deliver and surrender possession of the same unto the plaintiff.
It is further ordered that the judgment from which appealed be affirmed in all other respects and that appellant pay all costs of this suit, including cost of appeal.