GLADNEY, Judge.
The plaintiff, Thomas E. Hall, has instituted this boundary suit to have judicially determined his west line of Lot 681 of the Cedar Grove Addition to the City of Shreveport, which line separated Lot 681, owned by plaintiff, from Lot 680, owned by the defendant, Wesley Bairfield. Incidental relief sought is the removal of a steel fence constructed by the defendant and alleged damages to shrubbery. The controversy arose due to differences in a survey by Jesse C. McLemore, Reg. C. E., made for plaintiff and a survey by Van A. Barnett, Reg. C. E., done at the instance of the defendant. The line as fixed by McLe-more was approximately 2.1 feet west of that established by Barnett. The defendant constructed the steel fence on the Barnett line. The action was resisted by defendant, who sought to have the Barnett *754 line approved, and, alternatively, there was urged a plea of prescription of ten years based on Articles 853 and 3478 of the LSA-Revised Civil Code. After a hearing the trial court ordered a survey by Ben E. Ramsey, Reg. C. E. The procés verbal and accompanying plat so filed pursuant to the court’s order, located the disputed line as that marked by McLemore. The defendant, averring the official survey to be erroneous, filed objections to judicial approval of Ramsey’s survey, which objections were denied after hearing, and defendant has appealed from the judgment rendered. The decree also rejected plaintiff’s claims of damages, and from that ruling plaintiff has appealed.
Made a part of the record are photostatic copies of maps of the Cedar Grove Addition to Shreveport and Township 17 North, Range 14 West, being the survey of 1837, as officially recorded in the General Land Office of the United States.
The Cedar Grove Addition to Shreveport is represented by the official plat thereof, filed on August 2, 1911, in Book 50, page 389 of the conveyance records of Caddo Parish. The Addition comprises portions of Sections 24 and 25, Township 17 North, Range 14 West. Lots 680 and 681 of the subdivision front on 80th Street, are situated in the NW J4 of the SE of Section 25, and are within a short distance of the Southeast corner of said governmental subdivision.
The procés verbal and the map of Ramsey show he commenced his survey at the north one-quarter corner of Section 25 and ran east along the north line of the section a distance of 1,320 feet to a point in the intersection of 70th Street and Fairfield Avenue marked by a cross on the pavement in the center line of 70th Street. From this point he turned at a ninety degree angle and ran a line south 3,765 feet to the center line of 80th Street and Fairfield Avenue where he set a spike.
Thence he turned on a ninety degree angle and ran a line west down the center line of 80th Street 430 feet and set a spike in the center line of 80th Street 30 feet north of the Northeast Corner of Lot 680 (NW Corner of Lot 681), and the northern end of the west line of Lot 680 as determined by his survey. Bearings were taken with reference to a point established by him 1,320 feet west of the spike set in the intersection of 80th Street and Fairfield Avenue, which point was in the center line of 80th Street and Southern Avenue. From that point he checked his distance north to the section line and measured west to the old spike at the center line of 80th Street and St. Vincent Avenue, which distance he found to be 1,317.9 feet. The Northwest Corner of Lot 681 as so established was found to be 2.3 feet west and 1.8 feet south of the steel fence corner.
Upon examination of Ramsey’s report and map it is significant to observe that by reference to the North One-Quarter Corner and Northeast Corner of Section 25, he properly located the Northwest corner of the Northeast Quarter of the Northeast Quarter of Section 25 (the cross at the intersection of 70th Street and Fairfield Avenue). From the latter point (marked by the cross) he turned South 3,765 feet to establish a point on the center line of 80th Street and Fairfield. We note that the surveyor ran a line 3,765 feet South along Southern Avenue from the West One-Quarter Corner of Section 25, turning at right angle from the North line of Section 25. At a distance of 1,320 feet West of the North One-Quarter Corner of Section 25 (the Northeast Corner of Northwest One-Quarter of Northwest Quarter of Section 25) he ran South along St. Vincent Avenue 3,765 feet to a point in its intersection with 80th Street. Thus, there was delineated a rectangle enclosed by 70th and 80th Streets and St. Vincent and Southern Avenues. His map shows the North side of the rectangle (70th Street) to be 1,320 feet, whereas the South side of the rectangle (80th Street) is 1,317.9 feet. There is no evidence that locations of corners and lines of the governmental sub *755 divisions of Section 25 were established from reference to the official field notes pertaining to the original survey of 1837 of Section 25. The findings of the surveyor apparently disregarded ancient monuments apparently placed when the Cedar Grove Addition was surveyed out in 1910— 1911.
In brief, before this court, defendant-appellant insists the survey of Ramsey as reflected , in his procés verbal and report, and the plat attached thereto, is erroneous in certain particulars :
That the procés verbal of said survey and the map submitted therewith do not show the course and direction of any lines so alleged to have been run on the ground by said surveyor, and that said surveyor admits in his testimony said lines are not all due North and South and East and West, but he does not state the variation; that he shows lines on said map which are and should be parallel, but which, according to the measurements on his map, are convergent and divergent; that Government lines establishing the North line and the West line of Section 25, Township 17 North, Range 14 West, have not been reproduced; that said surveyor has failed to take into consideration the possession and markings of adjoining land owners and particularly the fact of the location of the Lot No. 682, belonging to Georgie Hart, a witness for defendant who testified that she has had undisputed possession under fence of this lot, with the original stakes still in place, for more than thirty years, this lot being located immediately East of the property of the plaintiff and her West line being, or should be, the plaintiff’s East line, according to the plat of said Cedar Grove Subdivision; that said survey- or has failed to take into consideration the fact that measuring the plaintiff’s frontage along 80th Street West from the Northeast corner of the Georgie Hart lot to the steel fence constructed by the defendant as locating the East line of defendant’s ownership, that the distance was found to be 50.5 feet, thereby giving the plaintiff his full 50 feet frontage on 80th Street as called for by his title.
Counsel for defendant-appellant earnestly contends that as a result of the errors aforesaid, the surveyor has reached an erroneous conclusion as to the location of the line of division between the property of plaintiff and property of defendant. It is further argued that the failure to reproduce the North and West lines of Section 25 in accordance with the lines so surveyed and established by the United States Deputy Surveyor was prejudicial, as well as the failure of the surveyor to take into consideration the possession and markers of adjoining land owners. We find ourselves in accord with the views so expressed, and the contentions so made are amply supported by the record.
Ramsey testified that the description as shown upon the township plat could not be reconciled on the ground and, therefore, he did not follow the courses shown on the township plat, and the field notes thereof. It is indicated, however, that his commencing point was on the North line of Section 25, but apparently he made no effort to tie the point fixed by him at the center line of 80th Street and Fairfield Avenue with the West line of Section 25. Counsel for defendant complains, and we think justly so, that the alleged shortage of 2.1 feet indicated in the procés verbal and shown on Ramsey’s plat for the area between St. Vincent Avenue and Southern Avenue at a distance of 3,765 feet South of the North line of Section 25, cannot be carried entirely over into the area between Southern Avenue and Fairfield Avenue and wholly applied in one block without regard to intervening cross streets and other property.
We are of the opinion the survey should have adhered more closely to corners of the internal governmental subdivisions of Section 25. We can see no good reason why the surveyor did not tie his survey into the Northeast Corner of the Southwest Quar *756 ter of the Southeast Quarter of Section 25, located on Fairfield Avenue, which was near by and which governmental subdivision corner could be tied in with the West and North lines of Section 25.
We are impressed also on another score. Georgie Hart, who owns the lot adjoining plaintiff on the East side, Lot 682, testified she moved on her lot on November 29, 1923, and has lived there since that time. She identified stakes at the Northwest and Northeast corners of her lot which she testified were original markers of the subdivision. These two points are reflected on the map filed by Ramsey. The pin mentioned by Georgie Hart as being at the Northwest corner of her lot is 2.1 feet East of the location fixed by Ramsey as the Northwest corner of Hall’s lot. Van A. Barnett, who surveyed the property on behalf of the defendant, testified the lot of Georgie Hart and other lots to the East thereof would be shortened a distance of 2.1 feet. Should Georgie Hart maintain her present West line and the survey of Ramsey as to the line between Lots 680 and 681 be adopted, Hall will have a lot with a width of 52.1 feet on 80th Street, whereas his title gave him only 50 feet.
Our conclusion, therefore, is that the opposition to the procés verbal and plat of the survey made on June 15, 1956, by Ben E. Ramsey pursuant to an appointment and order of the court, should be sustained.
In the re-establishment of lines and corners of a given subdivision monuments within such subdivisions should be accepted as correct locations in preference to a subsequent survey. Barker v. Houssiere-Latreille Oil Company, 1925, 160 La. 52, 106 So. 672, and monuments, either natural or artificial, used to mark either lines or corners, are to be considered more reliable than courses or distances, and prevail in case of conflict. In Houston Ice & Brewing Company v. Murray Oil Company, 1921, 149 La. 228, 88 So. 802, it was pointed out that the section corner or quarter corner that is identified as having been established By an official survey of the United States government must stand as correctly located, however plain it may appear that the location is wrong, since government surveys cannot be changed in an action at law between individuals.
Two other points are raised in this case which we deem it necessary to briefly mention. Plaintiff has appealed from the judgment of the district court disallowing damage's for shrubbery. In view of our rejection of the survey as made under the direction of the court, the West line of plaintiff’s property is not clearly established and, therefore, he has not established any claim for damages. We note, however, that the evidence does not sustain that plaintiff suffered a financial loss because of the erection of the steel fence by defendant.
The pleas of prescription of ten years pressed by defendant under the authority of articles 853 and 3478 of the LSA-Civil Code, must be denied. There is no evidence that defendant had possession for a period of more than ten years to maintain the plea under article 853. The evidence does not show consent or acquiescence, nor, indeed, does it show natural or artificial boundary lines which are the essence of this prescription. Nor can the plea be sustained as to article 3478 because it is not shown by the evidence herein that defendant has possessed against the limits of his title, and he does not claim beyond the limits of his title. Picou v. Curole, La.App.1950, 44 So.2d 354; Waterman v. Tidewater Associated Oil Company, 1947, 213 La. 588, 35 So.2d 225.
For the above reasons the judgment from which appealed is affirmed insofar as it rejects the demands of the plaintiff and denies the pleas of prescription; it is annulled, avoided and set aside only insofar as it recognizes the survey of the boundary line between Lots 680 and 681 of the Cedar Grove Addition as established by the *757 court appointed surveyor, and orders defendant to remove his fence. The case is remanded for further proceedings as the law provides, in order that a further survey may he made.
It is further ordered that costs of this appeal be assessed against the plaintiff and all other costs incurred herein await the final determination of this suit.