96 So.2d 832 (1957)
233 La. 444
William R. SESSUM
v.
Don C. HEMPERLEY et al.
No. 42722.
Supreme Court of Louisiana.
January 21, 1957.
Dissenting Opinions April 25, 1957 and June 26, 1957.
On Rehearing June 10, 1957.
Rehearing Denied June 28, 1957.
*833 Bullock & Bullock, Shreveport, for defendants-appellants.
Johnson & Morelock, Shreveport, for appellee-respondent.
PONDER, Justice.
Plaintiff brought an action in boundary under Article 823 of the LSA-Civil Code alleging that the boundary line between his property and that of the defendants had never been fixed and prayed for a surveyor to be appointed by the Court to fix the boundary line. It was alleged by the plaintiff that the defendants refused to amicably settle the question thus making the action necessary. Defendant filed pleas of 10 and 30 years prescription under Article 852 and 853 or the LSA-Civil Code alleging that a fence was erected in 1904 and recognized by the parties to be the boundary, thus claiming beyond their title and in diminution of plaintiff's title. The trial judge rejected the defendants' pleas of prescription and on appeal to the Court of Appeal, Second Circuit, defendants obtained a reversal of this judgment. A rehearing was *834 granted by the court of appeal and the judgment was reversed and judgment entered for the plaintiff. On application of defendants, this Court granted writs of review and the matter is now submitted for our determination.
Relators-defendants allege that the court of appeal erred in overruling their pleas of prescription; in holding that consent to the fence as a boundary could not be inferred from the circumstances; and in failing to recognize that active consent to a visible boundary may form the basis of 10 years prescription.
The plaintiff's land lies in the SW/4 of the SE/4; of Section 14, township 22N, R. 15W and the defendants land lies in the SE/4 of the SW/4 of Section 14, township 22N, R. 15W. It is the contention of the defendants that their properties have been separated from that of plaintiff by a fence which has been in continuous existence since 1904 and that hence their pleas of 10 and 30 years prescription under Articles 852 and 853 of the LSA-Civil Code should be sustained.
Plaintiff contends that courts have consistently held that the intention of the parties is an essential requirement in construing 30 year boundary prescription under Article 852 of the LSA-Civil Code. Hester v. Smith, La.App., 72 So.2d 549; Arabie v. Terrebonne, La.App., 69 So.2d 516; Jones v. Dyer, La.App., 71 So.2d 648; Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411; Simmons v. Miller, La.App. 170 So. 521. Plaintiff alleges that the defendants carry the burden of proving the necessary facts (Sattler v. Pellichino, La.App., 71 So. 2d 689; Hester v. Smith, La.App., 72 So.2d 549), and that the defendants have failed to carry this burden as held by both the lower court and the court of appeal.
Relators (defendants) contend that acquiescence in a visible boundary, without an express agreement or understanding, may form the basis of 30 year prescription. Citing Article 852 of the LSA-Civil Code; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Wait v. Pearson, La.App., 88 So.2d 43; Crow v. Braley, La.App., 47 So.2d 357; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; DeBakey v. Prater, La.App., 147 So. 734; Cutrer v. Dyson, 11 La.App. 472, 123 So. 904; Jones v. Dyer, La.App., 71 So.2d 648. Relators contend that active consent to a visible boundary may form the basis of 10 year prescription. Article 853 of the LSA-Civil Code; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; Picou v. Curole, La.App., 44 So.2d 354; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Kobler v. Koch, La.App., 6 So.2d 55.
It must first be established if the two tracts have been separated by a visible boundary for thirty years or more. The evidence adduced at the trial is lengthy and very conflicting on this point. There is no doubt that following his purchase of the property (in 1903) James M. Hawkins early in 1904 erected a fence between his land and the property of his brother-in-law Jacob R. Hale. Since that time the property has been acquired by sale and partition by various members of the family and in-laws. The real dispute is whether the fence was erected with the consent of Hawkins and Hale to erect it as a boundary dividing their two tracts and whether these tracts have been divided by this visible boundary for thirty years or more. On these points the testimony is very contradictory, it being the position of the plaintiffs that there was no consent to the erection of the fence and that the fence did not exist for the whole 900 feet for thirty years, while the defendants claim that Hawkins caused a survey to be made by another member of the Hale family (not in accordance with law) and the fence was erected as a result thereof and has been in existence and maintained for thirty years or more.
After an exhaustive and careful reading of the testimony, we have concluded as did the trial judge that from the public road, the south line of plaintiff's tract, there has been no fence for 50 or 60 feet north, probably since 1925 when A. H. Stanberry, Jr., *835 acquired it. Although there is some evidence that the fence existed the full length of the properties for the required length of time, we are not convinced that the burden of proving this fact has been met with the certainty required by law and hence we must conclude that the plea of thirty year prescription was properly overruled. See Broussard v. Winn, La.App., 41 So.2d 486.
There remains for consideration the plea of ten year prescription under Article 853 of the LSA-Civil Code relied upon by the defendants. In support of their position they cite and rely upon Article 853 of the LSA-Civil Code; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; Picou v. Curole, La.App., 44 So.2d 354; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; and Kobler v. Koch, La.App., 6 So.2d 55.
It is contended by defendants-relators that there has been active consent to the visible boundary for more than 10 years.
While relators contend that a survey was made by Jim Hale (brother of Jacob R. Hale) and concede that it was not a legal survey as contemplated by the articles of the code, they urge that this evidences consent to the marking of the boundary. A consideration of all of the testimony shows no consent or acceptance to the erection of the fence as a boundary between the two tracts of land.
In one of the cases relied upon by relators, namely Blanchard v. Monrose, supra, the court held: "It, therefore, appears to us that the prescription of 10 years, as provided in R.C.C. art. 853, is not applicable unless the boundary has been fixed by a surveyor and an error has been committed, or unless the boundary has been fixed by the consent of the parties or by their active acquiescence with a realization of the fact that they were actually consenting to a boundary and acquiescing in the location thereof, and that the mere passive failure to object to the location of a fence cannot form the basis of a plea of prescription of ten years." [12 La.App. 503, 125 So. 893.] (Italics ours.) In Opdenwyer v. Brown, supra, it was held that if visible bounds actually exist, which have been placed there by consent, the action to rectify any alleged error in the location thereof must be brought within 10 years or it will be prescribed under Article 853, LSA-C.C.
It is likewise held in the other cases cited by relators, Picou v. Curole and Kobler v. Koch, that it is necessary to show that the erection of the visible boundary was done with the consent of the owners and the intent to regard it as a boundary.
The plea of 10 years prescription cannot be sustained upon the Hale survey, as it was not made in conformity with the articles of the code neither can it be sustained on the ground of consent by the then owners, for considering all of the testimony it shows no consent or acceptance to the erection of the fence as a boundary between the two properties.
We do not think that the evidence herein is sufficient to show consent or acquiescence as regarded in law to maintain the plea of prescription of ten years to the action of boundary.
For the reasons assigned, the judgment is affirmed.
SIMON, Justice (dissenting).
After carefully reviewing the views expressed in the majority opinion as well as the several authorities cited therein, I am convinced that the holding of the majority does violence to the applicable codal articles and our jurisprudence.
This is purely a suit brought under the provisions of LSA-C.C. Art. 823 to establish a boundary line. The validity of any written title is in no way involved. Defendants rely upon LSA-C.C. Art. 852 in pleading the prescription of 30 years, the provisions of which article apply only in an action in boundary. Where title is claimed the codal article, supra, is not applicable.[1] *836 It cannot be denied that the boundary line as fixed in the respective written titles of the litigants is the ideal boundary, nor is there any claim set up that those titles conflict in any manner with each other.
Defendants contend that they and their authors, having had the possession of the strip of land in controversy herein, have acquired the ownership thereof by the prescription of thirty years.
Article 852 of our LSA-C.C. reads: "Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one cannot prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
There is no dispute on the facts found by the trial judge, the intermediate appellate court and this Court, which briefly stated, are as follows:
In 1860 one George Hale acquired all of the property now involved in this litigation, and following his death it was conveyed to one Jacob Hale in 1894. In October of 1903 Jacob Hale sold to James Hawkins a 40 acre tract therefrom, its western boundary line being described therein as the center sectional line. Immediately following this acquisition Hawkins caused the property to be surveyed and in February, 1904 built a fence along the line thus established by the survey. It is conceded, however, that the survey was not conducted according to our codal requirements and that it encroaches on the Jacob Hale property presently owned by plaintiff, being a strip varying from 90 to 113 feet in width; thus, diminishing the Jacob Hale title by some two acres of land.
James Hawkins died in 1930, and his children inherited his estate. One of his surviving daughters, a defendant herein, still lives on the portion inherited by her. Another, daughter sold her inherited portion in 1952 to Don Hemperley, the co-defendant in this proceeding.
Subsequent to 1904 Jacob Hale sold the remainder of his property acquired in 1894, or the other tract here involved, to one Pitts. The latter in turn sold said property in 1925 to one Allen Stanberry, who, after having lived thereon for some fifteen years, sold the property in 1940 to the plaintiff Sessum.
"Following his acquisition in 1952 Don Hemperley questioned the location of the fence, contending it should be some 54 feet further east. Plaintiff thereupon had the entire property surveyed, and, upon discovering the dividing line between the estates belonging to him and the defendants according to the written title delineation to be the sectional center line, instituted this suit to have the boundary fixed according to law. He alleged that the boundary had never been previously fixed between the estates although he had erected a fence after his acquisition in 1940 on a purported line which wrongfully and erroneously established the boundary.
In their answer the defendants aver that no survey is necessary for the reason that the boundary line between the properties has been long established by a visible fence which was constructed along said line to the knowledge of all the parties in 1904 and which has existed and been recognized as such for more than thirty years; that this fence, being a visible and material boundary between the two properties, and defendants having actually and physically *837 possessed the land enclosed therein openly and publicly, the plea of 30 years prescription should be maintained and plaintiff's suit dismissed.
The trial court recognized the principle of law pronounced by LSA-C.C. Art. 852 that: "Where there is a visible boundary which has been in existence for thirty years or more and defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription will be sustained as a barrier to the action in boundary."
This pronouncement eminently states the law; however the trial judge further held that before the fence line or other visible artificial boundary would be recognized "it must be first established that this visible boundary was erected and maintained as the result of the mutual consent of the respective owners, and that it would accordingly serve as the boundary marking the limits of their respective estates." (Italics mine.) Accordingly, there being no proof of mutual consent, judgment was rendered in favor of plaintiffs.
The court of appeal, on first hearing, held that: "Where there is a visible boundary recognized and acquiesced in (not consented to) as such for 30 years or more, to which defendants and their predecessors in title have, in addition to the land described in their title, actually possessed, a plea of prescription of 30 years interposed by the defendants will be sustained in an action of boundary." [83 So.2d 548.]
On rehearing, the court of appeals reversed its original opinion and affirmed the judgment of the lower court, holding that before a fence or other visible artificial boundary which has been erected and maintained as such can be given recognition as a boundary line under the thirty year prescriptive period "it must have been erected and maintained as the result of the mutual consent of the respective owners and for the purpose of serving as a boundary marking the limits of their respective estates." (Italics mine.)
No citation of authority is necessary to support the well-accepted principle that the party who alleges that a certain visible boundary is to be preferred to the ideal bounds called for by the titles has the burden of proving that the said visible boundary has been in existence and recognized as such for the required period of thirty years.
It is also well established that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action or his predecessors in title have, in addition to land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years will be sustained. Beene v. Pardue, La. App.1955, 79 So.2d 356; Sattler v. Pellichino, La.App.1954, 71 So.2d 689; Adams v. Etheredge, La.App.1954, 70 So.2d 388; Duplantis v. Locascio, La.App.1953, 67 So. 2d 125; Tate v. Cutrer, La.App.1951, 53 So.2d 285; Picou v. Curole, La.App. 1950, 44 So.2d 354; Latiolais v. Robert, La.App. 1942, 8 So.2d 347.
In the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, after reviewing many authorities we recognized that boundaries long established should not be disturbed. We further held that the holder of the junior title may retain any quantity of land beyond his title which he or those under whom he holds may have possessed for thirty years.
In Emmer v. Rector, 175 La. 82, 143 So. 11, 14, the Court said:
"Article 3475 of the Civil Code provides that: `Immovables are prescribed for by 30 years without any title on the part of the possessor, or whether he be in good faith or not.'" We went further on to say, "Under these codal articles actual possession by a party and his authors in title for more than *838 30 years gives the possessor title by prescription."
In the case of Broussard v. Guidry, 127 La. 708, 53 So. 964, 967, this Court maintained a boundary which had stood undisturbed for more than thirty years, although said boundary did not correspond with the original survey and the defendant had in her possession 90 acres more than her titles called for, while plaintiff lacked more than 80 acres than his titles called for. We said: "Defendant and her authors having had possession, we maintained the prescription of 30 years."
It seems clear to me that the now well-established rule, as a result of these decisions, is that where there is a visible boundary which has been in existence for 30 years or more and the defendant in a boundary action, or his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. I am cognizant of the fact that in order for this rule to apply, two conditions must concur. First, there must be a visible boundary, artificial or otherwise, such as a fence or wall. Second, there must be actual possession, either in person or through ancestors in title, for thirty years or more of the land described in the title and also of the land beyond the title extending to, and as far as, the actual physical boundary. These conditions have been completely met in the instant case.
The trial judge found as a conclusive fact and the testimony contained in the record unmistakably shows that a visible, physical boundary, separating the property of plaintiffs and defendants, namely a fence, was erected by defendants or their authors in 1904, or more than thirty years prior to the filing of this suit, and that this fence was maintained to the present date; and that these defendants peaceably and publicly possessed the land contained within and extending to the said fence line.
The court of appeal on first hearing concluded that the defendants had not only established that this fence was constructed in 1904 but that it had been maintained since that time and was recognized as a boundary, the defendants having at all times possessed the land up to this fence line openly, and as owners.
On rehearing, the court, however, reversed this holding and affirmed the judgment of the trial court, holding that, irrespective of its prior conclusions on the facts, since the fence line admittedly constructed was erected and maintained without the mutual consent of the respective owners and for the purpose of serving as a boundary marking the limits of their respective titles, the plea of thirty years prescription was not available. (Italics mine.)
The majority opinion, I respectfully submit, falls into the same error.
LSA-C.C. Art. 852 and our applicable jurisprudence do not exact as a condition precedent the mutual consent of the respective owners. The adverse possession of land beyond a written title up to a visible boundary for a period of thirty years, whether in good or bad faith, is all the law demands and thus make effective the prescriptive plea of thirty years.
Some question is raised as to the fence line not extending the full depth of the properties in question, it appearing that conflicting evidence raised the inference that about 50 to 60 feet of the fence line had not been built.
Be that as it may, the record discloses and plaintiff admits in his pleadings that in 1940, the year he purchased the property, he himself actually constructed a continuation of the fence line built in 1904 to the public road, and that this extended fence has remained in existence for more than ten years prior to the institution of this suit. Under such a judicial confession, Art. 853 of our LSA-C.C. is clearly applicable in that the rectification of an error in fixing *839 boundaries is prescribed by proof of adverse possession of that part of the land erroneously included during the period of ten years. Kobler v. Koch, La.App., 6 So.2d 55.
I respectfully dissent.

On Rehearing
SIMON, Justice.
This suit is brought under the provisions of LSA-C.C. Art. 823 to fix the boundary line between two contiguous estates. The validity of the respective written titles is not involved, for if it were, LSA-C.C. Art. 823 would be inapplicable.[1] It is conceded that the boundary line as called for in said respective titles is the ideal boundary and there exists no conflict in regard thereto. Plaintiff contends that the boundary should be fixed in accord with a survey made in 1953 of the subject property which discloses the proper dividing line separating these estates to be the section center line as called for by the respective titles; that plaintiff and defendants failed to amicably adjust their differences with the consequence that the defendants herein are in possession of a strip of land belonging to petitioner comprising approximately two acres, forcing plaintiff to resort to this action in boundary. He prays that the boundary line be established in accordance with law.
Defendants assert that the boundary between their land and that of plaintiff has been long established by common consent or acquiescence in that in the year 1904 a fence was constructed which marked the limits of defendants' possession and served as the boundary between their property and that of plaintiff's author in title. Defendants further aver that this fence has existed as a visible and stationary boundary line since its construction in 1904 and that during that period of time to this date they have exercised all rights of possession and occupancy of the area so enclosed, and accordingly plead the prescription of thirty years under LSA-C.C. Art. 852 and that of ten years under LSA-C.C. Art. 853.
Plaintiff and defendants are the present owners of adjacent properties situated in Section 14, Township 22 N., Range 15 W., Caddo Parish, plaintiff owning 30.75 acres in the SW/4 of SE/4 and defendants owning the adjacent land in the SE/4 of SW/4 of said section, their respective titles emanating from a common author, George W. Hale, who acquired the property in 1860 by patent from the United States Government. Following his death the property was conveyed in 1894 to Jacob R. Hale, who in 1903 sold a 40-acre tract therefrom to James Hawkins, the eastern boundary thereof being described as the center section line.
Following his acquisition James Hawkins caused it to be surveyed by J. M. Hale, who is referred to in the record as a surveyor and who was a brother of Jacob R. Hale, the then owner of plaintiff's property. Hawkins and his son, James B. Hawkins, erected a fence on the boundary line between the two tracts as was fixed by J. M. Hale, the surveyor. It is conceded, however, that this survey was not conducted in compliance with our codal requirements and that the line so delineated by said survey encroached on the Jacob R. Hale property, now plaintiff's property, thus diminishing it by two acres more or less. James B. Hawkins, who is now 69 years old, testified that the fence was erected by him and his father on the line as surveyed by Hale and was placed in its present location for the purpose of serving as a boundary line between the Hawkins and the Hale properties. This fence line lay east of the center section line 89.5 feet at its north end and 113 feet at its south end. Jacob R. Hale did not actually participate in erecting the fence and it is not shown that he expressly consented thereto. It is significant, however, that he and James Hawkins were brothers-in-law, owning adjoining properties, *840 and that he was a member of the Hawkins household at the time the survey was made and the fence erected. Obviously he knew or should have known of the construction as well as of the location of the fence line. There is no evidence showing any objection or protest to the construction and maintenance of said fence line until the year 1953 when plaintiff complained of an existing error in the boundary line.
James Hawkins died in 1930 and the subject property was inherited by his two daughters, defendant Mrs. Agnes Hawkins Hemperley and Mrs. Ada M. Hawkins Stanberry. The latter sold her inherited interest to the co-defendant, Don C. Hemperley, in 1952.
The remaining portion of the property acquired in 1894 by Jacob R. Hale was sold to Albert L. Pitts on a date subsequent to the erection of the fence in 1904. Pitts transferred said property to Allen H. Stanberry in 1925, who after living thereon for about fifteen years and occupying and possessing same up to the fence line established by defendants' author in title, sold his acquisition to the plaintiff Sessum by deed dated March 12, 1940.
The defendants contend that no survey is necessary for the reason that the boundary between the contiguous properties has been established since 1904 by a well-defined and visible fence, erected and maintained by their author in title to the knowledge of plaintiff's author in title, and that said fence line has been in existence and recognized as the boundary line between the contiguous properties for more than thirty years.
The trial judge found as a conclusive fact that a visible, physical boundary, separating the property of plaintiff and defendants, namely a fence, was erected by defendants or their authors in 1904, more than thirty years prior to the filing of this suit; that this fence was maintained to the present date; and that the defendants herein peaceably and publicly possessed the land enclosed within said fence line. Whereupon, in applying the provisions of LSA-C.C. Art. 852 the trial judge said: "* * * where there is a visible boundary which has been in existence for thirty years or more, and defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription will be sustained as a barrier to the action in boundary."
The foregoing is an eminent statement of the law. In his written opinion the trial judge recognized that the burden of proof rested upon the defendants to prove such facts as were necessary to support the prescription of thirty years. However, the trial court held that the very first fact that must be proved in order to justify a court in recognizing a fence or other visible artificial boundary over the ideal one is that such fence or other visible boundary was erected and maintained as the result of the mutual consent of the respective owners that it would serve as the boundary marking the limits of their respective estates. The trial court, having failed to find proof of the mutual consent of the parties, overruled defendants' plea of thirty years prescription and thereupon recognized and decreed the boundary line between the two estates to be that as fixed by the official plat of survey made by the appointed court surveyor.
On appeal, the Court of Appeal, Second Circuit, in a review of the evidence, said [83 So.2d 550]:
"* * * the conclusion is irresistible that James M. Hawkins and his son, J. B. Hawkins, erected in 1904 the fence on a line and at a location as surveyed by J. M. Hale as the boundary between the present properties of plaintiff and defendants. This fence was in existence from the date of its construction until the trial of this suit in 1953, or for a period of time considerably exceeding 30 years. The fence was generally *841 considered in the vicinity as a boundary fence. While it was erected as a barrier to roaming livestock, its location was determined by a survey of a line between said properties. It was constructed as a boundary fence, recognized and maintained as such for more than 30 years. The owners of the property adjacent to said line and/or their predecessors in title and in possession, possessed as owners the lands to said fence.
"The plats of the surveys made by Dutton in 1952 and by Wilkerson, as the court appointed surveyor, show the existence and location of this fence, which, in a measure, corroborate defendants' position. As we view the matter, in the light of the positive evidence as to the year in which the fence was constructed, the physical fact of the fence wire being grown and imbedded in trees at a much later date is a matter of little consequence and loses much of its weight and fails to carry the convincing and persuasive force contended by plaintiff.
"For instance, it would well be that where a fence is not completely maintained and kept in repair, as contended here, after the construction of the fence, the fence `row' was permitted to `grow up', which growth in time would take on the size of small trees to which, in the repair of the fence in later years, its wires may have been nailed or stapled. The age of the trees would serve as no indication of the age of the fence. In the absence of proof that the fence, when originally constructed, was attached to the trees, the positive testimony of those who assisted in its erection and construction and of other eyewitnesses has not been disproved or overcome.
"We are, therefore, of the opinion that defendants have sufficiently and adequately borne their burden of proof in establishing the facts necessary to support their plea of prescription which rested upon them, Sattler v. Pellichino, La.App., 71 So.2d 689; Hester v. Smith, La.App., 72 So.2d 549, * * *"
Accordingly, the Court of Appeal, Second Circuit, reversed and annulled the judgment of the trial court and sustained the plea of thirty years prescription filed by defendants, recognizing the boundary line between the estates herein as that established by the fence line constructed in and existing since 1904. On rehearing the said appellate court reversed its original findings of law and affirmed the judgment of the trial court, holding in effect that a visible boundary, concededly in existence for thirty years or more, cannot serve as the true boundary under the prescriptive period of thirty years unless such artificial boundary is erected and maintained with the mutual consent of the respective adjacent owners for the purpose of serving as a boundary marking the limits of their respective estates.
After a thorough review of the record, though we find some conflict in the testimony of some of the witnesses, which is not unusual in matters having their incipiency more than half a century ago, we are in full accord with the findings and conclusions of fact reached by the two lower courts. We necessarily conclude, as they did, that the record preponderately establishes that the fence line in question was constructed in 1904 by defendants' authors in title, separating the present properties of plaintiff and defendants; that it was maintained as a visible existing boundary between said estates; and, that the area of land comprising approximately two acres beyond defendant's title enclosed within said fence line was actually and publicly possessed by said defendants for a period in excess of thirty years.
It is fundamental that resort to an action in boundary has for its objective the physical separation of one estate from another and to thereby mark the limits of each by visible bounds. LSA-C.C. Art. 826.
*842 The object sought to be attained may be accomplished either judicially or extra judicially. LSA-C.C. Art. 832.
An action in boundary may be resorted to when any one of the following three situations exists: (1) where a boundary line has never been established to separate the contiguous estates; (2) where although once established or the estates separated, the physical bounds have been completely eradicated; and (3) where there has been an incorrect fixing of the boundaries. LSA-C.C. Arts. 823, 853.
In the first instance, where the boundary lines have never been established or the estates separated, it is well settled that under LSA-C.C. Art. 845 the boundaries must be fixed according to the respective titles of the parties, and in the absence of titles on both sides, possession governs. In the second instance, where the boundaries have once been fixed and have become eradicated, such boundaries must be replaced as they formerly stood. Zeringue v. Harang's Administrator, 17 La. 349; Opdenwyer v. Brown, 155 La. 617, 99 So. 482. In the third instance, where boundaries have been incorrectly fixed, the cause of action is to rectify or correct boundaries established in error. Williams v. Bernstein, 51 La.Ann. 115, 124-125, 25 So. 411. It is well settled that in the first and second instances the action is imprescriptible, the theory being that every land owner is entitled to have his land separated from adjoining lands, its limits ascertained and fixed. LSA-C.C. Art. 825.
In the third instance, where there exists actual visible bounds which have been extra judicially placed incorrectly or fixed by the consent of or the active acquiescence of the adjacent land owners, an action in either case to rectify an alleged error in the location of the boundary line must be instituted within ten years under the penalty of being prescribed. LSA-C.C. Art. 853. The consent as to visible bounds made essential under said article to form the basis of ten year prescription must be more than a passive acceptance; it must be an affirmative recognition by both parties. Blanchard v. Monrose, 12 La.App. 503, 125 So. 891.
The mere erection of a fence or a hedge as a boundary, without the consent of the adjoining land owner, will not serve as the basis for ten year prescription, for this is said to be mere occupancy, and not adverse possession as required by LSA-C.C. Art. 853. Williams v. Bernstein, supra. Further, when boundary lines are fixed judicially, the fixing thereof becomes a part of and is merged in the judgment which, saving attacks on the ground of fraud made within one year, becomes res judicata.
LSA-C.C. Art. 852 says: "Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
Under the provisions of LSA-C.C. Art. 852 it is observed that one who has maintained uninterrupted possession of property within existing visible bounds during thirty years may retain the quantity so possessed by him though it be beyond and more than called for by his title. This is the possession that is essential to bring this article into operation, irrespective of the good or bad faith on the part of the possessor. There is nothing in the provisions of LSA-C.C. Art. 852 which demands the element of mutual consent of the parties. Its provisions clearly provide that possession of surplus land beyond one's title shall entitle him *843 to retain the same once his possession has continued uninterrupted within visible bounds for a period of thirty years. Beene v. Pardue, La.App. 1955, 79 So.2d 356; Sattler v. Pellichino, La.App. 1954, 71 So.2d 689; Adams v. Etheredge, La.App.1954, 70 So.2d 388; Duplantis v. Locascio, La.App. 1953, 67 So.2d 125; Tate v. Cutrer, La.App. 1951, 53 So.2d 285; Picou v. Curole, La. App.1950, 44 So.2d 354; Latiolais v. Robert, La.App. 1942, 8 So.2d 347.
In the case of Broussard v. Guidry, 127 La. 708, 53 So. 964, 967, this Court maintained a boundary which had stood undisturbed for more than thirty years, although said boundary did not correspond with the original survey and the defendant had in her possession 90 acres more than her titles called for, while plaintiff lacked more than 80 acres than his titles called for. We said: "Defendant and her authors having had possession, we maintain the prescription of 30 years."
In Wemple v. Albritton, 154 La. 359, 97 So. 489, we held, in effect, that in the sale and delivery of a plantation having visible bounds and having been in the possession of plaintiffs and their authors for more than thirty years, the physical boundaries shall prevail over ideal bounds given in the deed of sale, and held distinctly that the purchaser succeeded to the possession of his vendor to the full extent of the property delivered under the deed.
In the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, after reviewing many authorities we recognized that boundaries long established should not be disturbed. We further held that the holder of the junior title may retain any quantity of land beyond his title which he or those under whom he holds may have possessed for thirty years.
Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.
In sustaining the plea of thirty years prescription invoked by the defendants there is no need for us to inquire into the merits of their plea of ten years prescription under LSA-C.C. Art. 853.
Accordingly, for the reasons assigned, the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the district court, is reversed, annulled and set aside and it is now ordered, adjudged and decreed that defendants' plea of thirty years prescription be and the same is hereby sustained and, accordingly, the boundary between the estates of William R. Sessum, on the one hand, and of Don C. Hemperley and Mrs. Agnes Hawkins Hemperley, on the other, be and it is hereby fixed and established as along the fence line now existing between said estates and as was established and marked by the erection of said fence in 1904 and beginning at a point 89.5 feet east of the northwest corner of the SW/4 of SE/4 Section 14, Township 22 North, Range 15 West, Louisiana Meridian, Caddo Parish, Louisiana, and extending and running in a southerly direction to a point on the north boundary of the road traversing said land 113 feet east of the west boundary of the said SW/4 of SE/4.
*844 It is further ordered, adjudged and decreed that the costs of these proceedings be taxed against the plaintiff-appellee.
PONDER, Justice (dissenting).
I cannot agree with the majority in the conclusion that there existed a visible boundary, to-wit, a fence for thirty years as required by Article 852 of the LSA-Civil Code.
There is a conflict in the testimony as to whether or not the fence was maintained and the property actually possessed by the defendants during that period of time. The district judge was of the opinion that the fence was not maintained nor the property possessed during that time and I feel that he was in a better position to pass on the credibility of the conflicting testimony. Furthermore the evidence indisputably shows that the fence did not extend all the way between the properties of the parties litigant. Therefore I respectfully dissent.
NOTES
[1] Foscue v. Mitchell, 190 La. 758, 182 So. 740, 745.
[1] Foseue v. Mitchell, 190 La. 758, 182 So. 740, 745.